**STATE of Missouri, Respondent,**

v.

**James Irving DUNCAN, a/k/a Irving J. Berry, Appellant.**

**No. 42722.**

Missouri Court of Appeals, Eastern District, Division Three.

April 28, 1981.

Stephen J. Murphy, Afton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Peach, St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury for the offense of assault with intent to maim with malice aforethought, § 559.190, RSMo 1969 (repealed), and sentenced by the court

under the "second offender act," § 556.280, RSMo 1969 (repealed), to a term of ten years in the Division of Corrections. He now appeals. We affirm.

On appeal, defendant has not challenged the sufficiency of the evidence. Briefly, the evidence supporting the verdict shows the following: Defendant approached a group of women in a tavern and began "flirting" with them. An argument developed between defendant and one of the women, and defendant struck her. Defendant was escorted from the tavern by Kevin Moran and another man, who attempted to hold defendant outside to await the arrival of the police. Defendant broke free and ran. Mr. Moran pursued defendant for a short distance, but gave up the chase. As Mr. Moran turned back toward the tavern, defendant picked up a brick or piece of concrete block and threw it at Mr. Moran, striking him in the back of the head and inflicting serious bodily injury.

Defendant's first point on appeal is that the court erred in not granting defendant's motion for a new trial because the jury panel did not present a fair representation of the racial composition of the City of St. Louis.

■ It is well established that the defendant bears the initial burden of showing that the means by which the wheel of potential jurors is selected systematically excludes distinctive groups in the community. *State v. Aikens*, 507 S.W.2d 386, 388–89 (Mo.1974); *State v. Preston*, 583 S.W.2d 577, 582–83 (Mo.App.1979). Here, there is absolutely no evidence in the record to substantiate defendant's allegation. Defendant's first point is without merit. *Johnson v. State*, 574 S.W.2d 936, 938–39 (Mo.App. 1978).

Defendant's second point contends that the trial court erred in overruling defendant's motion for a new trial because the court abused its discretion by calling the jury into court for the purpose of declaring a mistrial; defendant asserts this action by the court invaded the province of the jury and put undue burden on the jury to reach agreement.

The record discloses that the jury retired at 11:20 a. m. and was summoned into court by the judge at about 5:00 p. m. The court then read MAI–CR 1.10 to the jury. The jury resumed its deliberations until 5:52 p. m., when the judge again called it into the courtroom, inquired how the jury stood numerically (specifically telling the foreman not to disclose how it was divided as to guilt or innocence), and asked the foreman whether additional time might allow it to reach a decision. The foreman indicated that the jury had reached agreement as to one count; as to the other count, it was divided 8, 3, and 1, but "was progressing." The jury was then returned to the jury room until 7:03 p. m. when the judge again summoned it into the court. The foreman once more indicated that progress was being made, the division then being 10 to 2 on the unresolved count, and the jury was returned to the jury room. At 7:50 p. m. the jury returned its verdict.

■ Although defendant did object to the court giving MAI–CR 1.10, he did not object to the summoning of the jury at any time, or to the court's questions of the foreman, nor did he request such relief as discharge of the jury or a mistrial. We conclude that defendant's second point was not properly preserved. *State v. Morris*, 476 S.W.2d 485, 490 (Mo.1971). Nevertheless, we have examined the proceedings in question and, despite defendant's contentions, find no error. We note first that the record fails to show that the court summoned the jury to the courtroom to declare a mistrial. Further, the jury had retired for approximately five hours before MAI–CR 1.10 was given by the court, and the court's subsequent inquiries as to the jury's progress were carefully circumscribed and showed no sign of partiality or impatience. We conclude that the court did not abuse its discretion in this matter. *State v. Montgomery*, 577 S.W.2d 181, 183–84 (Mo.App. 1979).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.