James R. SHIVERS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 50928.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 7, 1986.

Motion for Rehearing and/or Transfer Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

Kathleen Murphy Markie, Columbia, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Movant-appellant, James Robert Shivers, appeals from the denial of his Rule 27.26 motion, which sought to vacate his conviction for arson in the second degree, § 569.-050 RSMo 1978. The trial court made extensive findings of fact and conclusions of law and denied relief, ruling that movant was not deprived of any substantial rights by ineffective assistance of counsel in the original criminal proceeding. On appeal, movant contends that his trial counsel failed to render effective assistance of counsel by failing to adequately investigate appellant's defense, thereby forcing appellant to plead guilty because he lacked a defense at trial. We affirm.

■ This court's review is limited to a determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous. *Leigh v. State,* 673 S.W.2d 788, 790[5] (Mo.App.1984). The trial court's findings and conclusions are clearly erroneous if, after reviewing the record, the court is left with the definite and firm impression that a mistake has been made. *Bryant v. State,* 608 S.W.2d 101, 102–103[2, 3] (Mo.App.1980). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to provide reasonably effective assistance and that his defense was thereby prejudiced. *State v. Harvey,* 692 S.W.2d 290, 292[2] (Mo. banc 1985). The appellant must show that the prejudice suffered led to a different result in the proceedings than would have occurred otherwise. The court need not determine effectiveness of counsel before examining the prejudice suffered by the defendant. *State v. Harvey, supra* at 292.

■ The transcript of the guilty plea conclusively shows that the appellant was satisfied with his counsel and that his plea was entered into in a voluntary manner. The relevant portion of the transcript reads as follows:

THE COURT:

Q. Have you had sufficient time to talk to her (defense counsel's attorney) about this case?

A. Yes.

Q. Are you satisfied with her representation?

A. Yes, I am.

Q. Do you have any complaints to make whatsoever as to the way she has handled those matters for you?

A. No, sir.

Q. You understand that you have the right to plead not guilty to this charge and have a jury determine your guilt or innocence at a speedy and public trial?

A. Yes, sir.

Q. Understanding these things, do you still wish to plead guilty?

A. Yes, sir.

Q. Now, I would like you to tell me in your own words what happened in connection with this charge. Tell me what you did.

A. I got up one night and throwed [sic] a match in the trash can.

Q. Any particular reason for doing this?

A. I was mad at the Sheriff.

Q. So you did it intentionally?

A. Yes, sir.

THE PROSECUTING ATTORNEY:

I would like the court to ask the defendant or permit me to ask why he changed his mind from the morning to this afternoon to enter this guilty plea.

THE DEFENDANT:

A. To be truthful, I didn't plead guilty earlier this morning because, I don't know, I was on medication....

Q. Does this medication affect your ability to think or remember?

A. No, ...

It is evident from movant's testimony that he was satisfied with counsel, his plea was voluntary and that in fact, under oath, he admitted to setting the fire. At the evidentiary hearing, defense counsel testified that she obtained complete discovery prior to the plea hearing, had examined all witnesses at the preliminary hearing, and all evidence indicated that the movant had started the fire. She further testified that if movant wished to go to trial she would represent him, although it would be difficult to explain the burnt matches around and under his cot. Furthermore, evidence showed that the deputy, who movant alleged started the fire, was twenty miles away from the scene of the fire at the time it purportedly started.

Our review of the record leads us to the conclusion that movant's allegations of ineffectiveness of counsel are not substantiated by the record. His statements at the evidentiary hearing, are in direct contradiction to his testimony before the court. None of the appellant's allegations are supported by evidence produced either at the trial or evidentiary hearing. The record conclusively shows that before accepting the guilty plea, the trial judge questioned appellant extensively to ensure the voluntariness of his plea and his satisfaction with his attorney.

We hold that the motion court was not clearly erroneous in overruling appellant's 27.26 motion because counsel was not ineffective, appellant did not suffer prejudice from ineffective counsel, and movant was not deprived of any substantial rights.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.