Curtis L. SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 14824.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied Nov. 6, 1986.

Application to Transfer Denied
Dec. 16, 1986.

M. Elise Branyan, Springfield, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Curtis Smith appeals from an order denying, without an evidentiary hearing, his Rule 27.26[1] motion to set aside a judgment and sentence for murder in the second degree. (§ 565.004). In the underlying criminal proceeding the trial court accepted defendant's plea of guilty and sentenced him to life imprisonment. The murder took place on March 14, 1984, in Greene County.

Movant's initial motion, filed pro se, was supplemented by two successive motions prepared by his instant counsel. Since the last motion incorporated the contents of its predecessors, a practice frequently, as here, not consistent with good draftsmanship, the motions will be viewed, under the circumstances here, as one instrument.

"Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice

to the defendant." *Smith v. State*, 652 S.W.2d 134 (Mo.App.1983).

Movant asserts that the trial court erred in denying him an evidentiary hearing because the motion contained a sufficient factual basis to entitle movant to an evidentiary hearing on whether movant was denied effective assistance of counsel:

(1) "when his trial attorney failed to explore possible defenses and explain the necessary elements of the charges of capital and second degree murder prior to advising movant to enter a plea of guilty," and

(2) "when his trial counsel failed to inform movant of a potential conflict of interest as required by the Missouri Ethical Rules. Counsel did not disclose to movant that he was in the prosecuting attorney's office in Cole County, Missouri at the time that movant entered a plea of guilty to a felony charge of burglary in 1980. If movant had known of the potential conflict in interest, he would not have allowed counsel to represent him on a criminal charge of murder nor would he have followed counsel's advice to enter a plea of guilty."

Movant asserts that the conduct of his trial attorney, in the foregoing particulars, rendered his guilty plea "unknowing, involuntary and unintelligent."

A proceeding under Rule 27.26 is a civil proceeding, Rule 27.26(a), and the brief on appeal must meet the requirements of Rule 84.04. *Overall v. State*, 540 S.W.2d 637, 638[1] (Mo.App.1976). Whether movant was entitled to an evidentiary hearing hinged on the question of whether his motion met the requirements enumerated in *Smith v. State, supra*. One of those requirements is that the motion must allege facts, not conclusions, warranting relief. Rule 84.04(c) requires that the statement of facts portion of movant's brief "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." That rule also permits the statement of facts to be followed "by a resume of the testimony of

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

each witness relevant to the points presented."

The statement of facts portion of the instant brief sets forth certain procedural events in the underlying criminal action, including the filing of the original information charging movant with capital murder, the filing of an amended information charging movant with murder in the second degree, the entry of movant's plea to the latter charge, and the imposition of the sentence.

The "statement of facts" then reads: "Curtis L. Smith filed a pro se motion with the Greene County Circuit Clerk on October 2, 1985 (L.F. at 1, 32–45). In his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26, Smith alleged five legal and factual grounds for relief (L.F. at 35–40). The Circuit Court of Greene County appointed counsel to represent movant on October 8, 1985 (L.F. at 1). Counsel for movant filed a First Amended Petition for Relief Under Rule 27.26 on February 20, 1986, incorporating and restating movant's allegations in lawyer-like language (L.F. at 16–27). Counsel filed a second amended motion on May 12, 1986 (L.F. at 13–15). The hearing court sustained Respondent's Motion to Dismiss Without an Evidentiary Hearing and entered its Findings of Fact and Conclusions of Law on June 18, 1986 (L.F. at 1, 7–12)."

The statement of facts then states that movant filed the instant appeal to this court seeking an order remanding the cause to the trial court for an evidentiary hearing.

The statement of facts portion of the instant brief does not set forth any allegation contained in the initial motion filed pro se or in the two successive motions filed by counsel. The brief writer merely cites, with respect to the three motions, a total of 21 pages of the legal file which, so the brief writer says, "allege five legal and factual grounds for relief" [in the pro se motion] which are incorporated and restated "in lawyer-like language" in the two successive motions.

The statement of facts is deficient because it does not constitute "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Since the statement of facts does not set forth any allegation of any of the three motions, it provides no basis for determining whether any of the motions met the first requirement enumerated in *Smith v. State, supra.* Requirements (2) and (3) of *Smith v. State* cannot be met if requirement (1) has not been satisfied.

This court, in its discretion (Rule 30.20), has reviewed the record, including the transcript of the hearing at which the guilty plea was entered, to determine whether there was any plain error affecting movant's substantial rights and whether manifest injustice or miscarriage of justice has resulted therefrom. Such review discloses no such error.

Ground (1) of movant's point on appeal is "his trial attorney failed to explore possible defenses and explain the necessary elements of the charges of capital and second degree murder prior to advising movant to enter a plea of guilty." By resorting to the argument portion of movant's brief this court determines that movant is arguing that some of his statements, made during the course of the guilty plea hearing, indicate that the defense of "accident" might have been available to movant. No other defense is mentioned by movant's brief.

Movant was not convicted of capital murder. He entered a plea of guilty to second degree murder and it is the propriety of that plea which is under challenge.

During the course of the plea hearing movant stated, "There is nothing about that charge (murder in the second degree)[2] that I do not understand. I have fully disclosed to my attorney all of the facts

---

2. Movant was initially charged with capital murder. Later, as a result of a plea bargain, an amended information was filed charging murder in the second degree.

and circumstances surrounding the charge and he has fully discussed with me all of the legal rights pertaining to the charge. He has fully talked with me about the consequences of my pleading guilty to the charge this morning. I have had enough time to discuss the case with my attorney and I am fully and completely satisfied with his services."

Furthermore, it must be pointed out that movant's brief makes no mention of § 563.-070.2 which was in effect on the date of the instant offense. On that date § 563.070 read:

"563.070. Accidents an excuse for crime, when—exceptions.—1. Conduct which would otherwise constitute a crime under chapter 565, RSMo, is excusable and not criminal when it is the result of accident in any lawful act by lawful means without knowingly causing or attempting to cause physical injury and without acting with criminal negligence.

2. The provisions of this section may not be used as a defense to the crime of second degree murder.

3. The defendant shall have the burden of injecting the issue of excuse authorized under this section."

Movant's brief makes no effort to explain why § 563.070.2 did not eliminate the defense of accident with respect to the instant offense. Even if, arguendo, the later version of the statute, which became effective October 1, 1984, and which deleted former subparagraph 2, were deemed applicable, because the plea was not entered until April 5, 1985, (cf. § 1.160), movant's brief fails to point to any facts pleaded in the Rule 27.26 motions which would bring movant's conduct within § 563.070.1 and this court's gratuitous examination of the record discloses no such fact.

■ With regard to ground (2) of movant's contention, no plain error appears. There was no allegation in the Rule 27.26 motion that movant's trial attorney, when he was "a" prosecuting attorney in Cole County in 1980, had any connection with the case in which movant entered a plea of guilty to burglary in Cole County in 1980.

The motion does not state that the trial attorney had any knowledge or recollection of the 1980 plea and there is no allegation that the burglary offense was in any way connected with the 1984 murder in Greene County.

Movant's appeal has no merit. The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.