**Raymond Lee TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 38600.**

Missouri Court of Appeals,
Western District.

April 21, 1987.

**306**

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

CLARK, Chief Judge.

Raymond Lee Taylor was convicted of second degree murder for the 1978 killing of another inmate in the penitentiary. The conviction was affirmed on appeal. *State v. Taylor*, 602 S.W.2d 820 (Mo.App.1980). This proceeding for relief under Rule 27.26 was filed and the motion was denied by the trial court after an evidentiary hearing.

On appeal here, Taylor contends the evidentiary hearing on the motion was inadequate because the trial court did not have the benefit of evidence necessary to support Taylor's claim. This was so, he alleges, because he was denied the right to call witnesses essential to his case.

The homicide charged was not denied at trial by Taylor. His defense was based on the assertion that he feared an attack upon him by the victim who, together with other black inmates of the institution, regularly practiced sodomy on white inmates. Taylor says the victim had singled him out for sexual abuse and the slaying occurred when appellant attempted to avert another attack.

In the Rule 27.26 proceeding, appellant claimed his trial counsel had been ineffective for failing to interview and call certain witnesses, in particular two inmates, E. Larry Johnson and Kenny Lovett. Appellant testified that Johnson and Lovett would have confirmed the general occurrences of sexual abuse of white inmates by the victim and his companions and, although neither witnessed the confrontation which resulted in the victim's death, they would have testified about threats against appellant they had heard made by the victim.

Appellant's trial attorney, testifying on behalf of the state, agreed that appellant had given him the names of Johnson and Lovett. He had talked with a Larry Johnson but was uncertain as to whether that individual was the same Johnson to whom appellant had referred. The attorney also testified that he had not interviewed Lovett and called neither Johnson nor Lovett as witnesses at trial.

In the course of preparing for the evidentiary hearing on the Rule 27.26 motion, appellant's attorney applied for writs of habeas corpus ad testificandum to procure the attendance of Johnson and Lovett as witnesses on appellant's behalf. The writs were not granted. After a change of judge the applications for writs were not refiled, according to counsel, because he considered

the request to be futile. The Rule 27.26 motion was denied on the ground that "movant did not produce any evidence at his hearing other than this mere allegation." Appellant argues that his evidentiary hearing was not complete because he was denied the testimony of the two witnesses who could have confirmed his allegations that trial counsel did not contact the witnesses and that their testimony would have made a significant difference in the case.

The issue presented by Taylor's Rule 27.26 motion was whether the attorney who represented Taylor at the criminal trial was ineffective for failing to interview the witnesses Johnson and Lovett, and for failing to call them to testify in support of Taylor's claim that he had reason to fear an assault. The unanswered questions were whether the attorney did in fact interview Johnson, an issue about which the attorney himself was uncertain, and what testimony Johnson and Lovett would have given if called at trial. As the court held in the order denying Taylor's Rule 27.26 motion, there was only Taylor's word for what the witnesses knew about the affair.

 The test of ineffectiveness of an attorney includes the necessity for the complaining client to show that, but for the attorney's errors, there exists a reasonable probability that the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). To support the charge of ineffective assistance of counsel in failing to secure the testimony of a defense witness, the movant must show what the testimony would have been. *Pelham v. State*, 713 S.W.2d 614, 617 (Mo.App.1986).

Quite obviously, the superior means of determining the testimony a witness would have given if called at trial is to take that witness's testimony at the motion hearing. If that not be done, then a movant is subject to the charge of evidentiary insufficiency, expressed here, that his claim rests only on his own self-serving description of the absent witness's contribution to the defense. If, however, a court denies the movant the right to offer the testimony of the witnesses in question, the court may not concurrently deny the motion on the ground that the movant's case was unsupported.

Taylor was entitled to present the testimony of Johnson and Lovett to aid in resolving the issue of whether this Johnson was contacted during the trial attorney's investigation, and to establish a record from which the court could decide whether the testimony from these witnesses would likely have made a difference in the outcome of the trial. The refusal to grant the writs of habeas corpus ad testificandum, or to offer some alternate means for Taylor to present the evidence from Johnson and Lovett, deprives Taylor a fair hearing and an opportunity to meet his burden of proof.

For the reasons given, the cause is remanded for further hearing consistent with the views expressed. When the record has been completed and a judgment has been entered, an appeal may be expedited on an abbreviated supplemental record.

The judgment is reversed.

All concur.