**Leonard Dale AHART, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14891.**

Missouri Court of Appeals, Southern District, Division Two.

June 30, 1987.

Jon Van Arkel, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Leonard Dale Ahart appeals from an order denying, without an evidentiary hearing, his Rule 27.26[1] motion to set aside a judgment and 15-year sentence for sale of a controlled substance. § 195.020. Movant's initial motion, filed pro se, was supplemented by three successive motions prepared by his instant counsel. Since the last motion incorporated the contents of its predecessors, the motions will be viewed as one instrument.

In general, it is movant's position that the motion alleged facts showing ineffective assistance of counsel in connection

with the jury trial, resulting in prejudice to him, that he was entitled to an evidentiary hearing, and that the trial court erred in ruling otherwise.

■ Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Smith v. State,* 719 S.W.2d 940, 941 (Mo.App.1986).

In *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986), the Court said:

"The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.... In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness ... and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citing authorities.)

■ To support the charge of ineffective assistance of counsel in failing to secure the testimony of a defense witness, a movant must show what the testimony would have been. *Taylor v. State,* 728 S.W.2d 305, 307[2] (Mo.App.1987); *Pelham v. State,* 713 S.W.2d 614, 617 (Mo.App. 1986). Movant must show how the unsecured testimony would have aided him. *Garrett v. State,* 727 S.W.2d 171, 176[2] (Mo.App.1987). If a motion fails to state facts to which the unproduced witness would testify, or fails to show that the testimony would have aided movant, movant is not entitled to an evidentiary hearing

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

on his claim of ineffective assistance of counsel in failing to interview the witness or present his testimony. *Sinclair v. State*, 708 S.W.2d 333, 336[4] (Mo.App. 1986).

■ The motion alleged that movant's trial attorney in the felony case failed to interview a state's witness, officer Pete Rothrock, prior to the trial. The motion states: "Officer Rothrock's testimony concerning the alleged sale of a controlled substance and the use of a photograph depicting Clifford Manning, State's exhibit 5, was false. Specifically, Rothrock's testimony concerning the description of a Clifford Manning at the time of the alleged sale could have been shown to be false had [movant's trial attorney] interviewed Rothrock and attempted to locate witnesses, such as Clifford Manning's brother, who could testify that Rothrock's identification of State's exhibit 5 as a photograph of Clifford Manning was false. Investigation before trial by [movant's trial attorney] into Rothrock's testimony may have provided the means of impeaching Rothrock at trial, which would have lessened Rothrock's credibility with the jury and possibly resulted in movant's acquittal."

The motion states that movant's trial attorney failed to interview state's witness Rothrock. The motion states that Rothrock's testimony "concerning the alleged sale of a controlled substance" was false. The motion does not say what testimony Rothrock gave concerning the sale, or what portion of it was false.

The motion mentions "a photograph depicting Clifford Manning, State's exhibit 5," but fails to state who Clifford Manning was, Manning's connection, if any, with the offense on trial, whether state's exhibit 5 was introduced into evidence, or, if so introduced, how it affected, or may have affected, the result of the proceeding. Although the motion states the conclusion that Rothrock's testimony concerning the alleged sale and concerning "the use" of exhibit 5 was false, the motion does not state in what manner it was false nor what the truth was with respect to those matters.

Although the motion states that Rothrock's testimony "concerning the descrip-

tion of a Clifford Manning at the time of the alleged sale" was false, the motion does not state what significance, if any, Clifford Manning's "description" may have had with respect to the offense on trial or "the result of the proceeding." *Kimmelman v. Morrison*, supra. Although the motion states that Manning's brother "could" testify that Rothrock's identification of exhibit 5 as a photograph of Manning was false, the motion does not state why, as a reasonable probability, such testimony would have affected the result of the proceeding.

Even if the motion is accorded the charitable construction that the testimony of Manning's brother, on the issue, if such it was, of whether exhibit 5 was a photograph of Clifford Manning would have the effect of impeaching Rothrock's credibility, the motion fails to allege how significant Rothrock's testimony was, or whether it was merely cumulative of the testimony of other witnesses to the same effect, or whether the accuracy of Rothrock's testimony with respect to exhibit 5 played any significant role in producing the verdict of guilty.

The motion fails to meet requirements 1 and 3 enumerated in *Smith v. State*, supra. The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.