George WILLIAMS, Movant/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

No. 15124.

Missouri Court of Appeals, Southern District, Division One.

Sept. 11, 1987.

Donald L. Clough, Springfield, for movant/appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

HOLSTEIN, Judge.

George Williams (Movant) appeals from a denial, without evidentiary hearing, of his 27.26[1] motion. In his post conviction motion, movant seeks to set aside a sentence entered pursuant to a plea of guilty of six counts of burglary second degree, § 569.-170, RSMo 1978. We affirm.

Movant was sentenced to five years' imprisonment on each count. The sentences on counts one and two were concurrent, on counts three and four were concurrent, and on counts five and six were concurrent. However, the sentence on counts three and four was to be consecutive to the sentence on counts one and two, and the sentence under counts five and six was to be consec-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

utive to punishment assessed under counts one through four. The sentence would amount to three consecutive five-year sentences, totalling fifteen years.

In his motion, movant alleges he was ineffectively represented by counsel because his trial attorney informed him that, pursuant to a plea bargain, he would be sentenced to fifteen years' imprisonment, but the court sentenced him to three five-year sentences to run consecutively. The motion makes no attempt to illuminate its reader as to the distinction between a fifteen-year sentence and three consecutive five-year sentences. In oral argument before the motion court, counsel claimed there was a "substantial difference" but failed to explain what this difference might be.

The motion court filed findings of fact and conclusions of law which stated that movant had failed to allege sufficient facts to entitle him to relief and that the facts alleged were refuted by the record in the trial court.

On appeal, movant must establish that the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). Movant is only entitled to an evidentiary hearing if (1) he alleges facts, not conclusions, warranting relief; (2) such facts are not conclusively refuted by the files and record in the underlying case; and (3) the matter complained of resulted in prejudice. *Ahart v. State,* 732 S.W.2d 256, 257 (Mo.App.1987). Allegations of ineffective assistance of counsel are only considered insofar as they bear on the voluntariness and understanding of movant's guilty plea. *Chamberlain v. State,* 703 S.W.2d 43, 46 (Mo.App.1985).

The court below could properly review the record made at the time the plea of guilty was entered to determine if that record refutes the contentions of movant that he was misled by counsel. *Chapman v. State,* 641 S.W.2d 428, 429 (Mo.App. 1981). We also have carefully reviewed the record made when the plea of guilty was entered. The record indicates the prosecutor, defense counsel, and movant signed a document titled "Plea Bargain"[2] which was thereafter presented to the court. After reading the document to movant, the judge made extensive inquiry to assure the plea of guilty was intelligently and voluntarily made and that a factual basis existed for the plea of guilty. The judge inquired as to whether any other promises had been made to induce the plea and whether movant was aware that there would be no probation under the plea agreement. Movant denied that any such inducements had been promised. The court then sentenced movant in accordance with the terms of the agreement.

Movant did not allege facts demonstrating there is a difference in a sentence of fifteen years and three consecutive five-year sentences. Assuming some distinction could be drawn, the record refutes any claim that movant was misled by his attorney or that he was prejudiced in any respect by his attorney's statement that he would receive a fifteen-year sentence. Movant was not entitled to an evidentiary hearing.

The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.

---

2. The pertinent part of the "Plea Bargain" read as follows:

> "The following are all of the promises made to defendant in exchange for his proposed plea of guilty:
> "1. A sentence of 15 years DOC [Department of Corrections] as listed below.*
>
> ....
> * 5 years DOC on CT I
> and

5 years DOC on CT II, concurrent with each other and concurrent with a 3 year DOC sentence in CR 383–247FX–2
> and
5 years DOC on CT III
> and
5 years DOC on CT IV, concurrent with each other, and consecutive to sentences on CT I, CT II and CR 383–247FX–2
5 years DOC on CT V, and
5 years DOC on CT VI, concurrent with each other, and consecutive to all other sentences"