Gerald Allen ELMORE,
Movant–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 15199.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1988.

Motion for Rehearing or to Transfer
Denied April 4, 1988.

Application to Transfer Denied
May 17, 1988.

Calvin R. Holden, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Movant Gerald A. Elmore appeals from an order denying, without an evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and two consecutive three-year sentences for forgery.

Movant's first point is that he was entitled to an evidentiary hearing, and the trial court erred in ruling otherwise, because his motion adequately pleaded that his guilty pleas to both counts of the two-count information were entered through duress caused by ineffective assistance of counsel in four respects: (a) counsel did not file a motion for discovery of evidence; (b) counsel waived movant's right to a preliminary hearing; (c) counsel advised movant to plead guilty as it was the best that counsel could do for movant; and (d) counsel did not file appropriate motions for medical treatment.

Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Ahart v. State*, 732 S.W. 2d 256, 257 (Mo.App.1987); *Smith v. State*, 719 S.W.2d 940, 941 (Mo.App.1986).

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court made several statements which apply to the instant situation. They include:

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Id. 106 S.Ct. at 369.

．　　．　　．　　．　　．

"[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Rich-*

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, see 721–722 S.W.2d (Missouri Cases) XXV, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(l) effective January 1, 1988, 721–722 S.W.2d (Missouri Cases) XXV, XXVIII.

*ardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ].' " Id. at 369.

.    .    .    .    .

"[T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) ] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson* [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235], supra, and *McMann v. Richardson,* supra. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."* Id. at 370. (Emphasis added.)

In *Hill v. Lockhart,* supra, the prisoner claimed that counsel gave him erroneous advice as to his parole eligibility date under the sentence agreed to in the plea bargain. The prisoner did not plead that if counsel had correctly informed him about his parole eligibility date he would have pleaded not guilty and insisted on going to trial. Petitioner also did not plead any special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. The court held that these pleading deficiencies amounted to a failure to allege "prejudice" of the kind necessary to satisfy the second half of the *Strickland v. Washington* test, and that the lower court properly denied relief without granting the prisoner an evidentiary hearing.

The challenged guilty pleas were entered on October 18, 1985, before Judge Donald Bonacker. At that hearing movant was represented by attorney Van Arkel. The 19–page transcript of the guilty plea hearing consists primarily of a colloquy between Judge Bonacker and movant.

Among statements made by movant at the guilty plea hearing are the following: "I am 31 and attended school to the ninth grade. I have had a heart problem since birth. At this hearing I am not under the influence of drugs or alcohol, nor was I under their influence at the time of the offenses. I am satisfied with Mr. Van Arkel's services in this case. Mr. Van Arkel has not done anything that I wish he had not done in representing me, and Van Arkel has not failed to do anything that I wanted him to do. The only promises made to me in entering my guilty pleas are contained in the plea bargain. My willingness to plead guilty does not result from any force or threat to myself or to my loved ones, nor does it result from any promise or discussion we have not already talked about today. My pleas of guilty are purely voluntary on my part."

During the guilty plea hearing, Judge Bonacker explained to movant in detail his rights as a criminal defendant, and movant stated that he understood each of those rights. The court accepted the pleas of guilty and found that they were freely, voluntarily, and intelligently made, and were made with a full understanding of the charges, the right to trial, including jury trial, and the consequences of pleading guilty. The court also found that there was a factual basis for the pleas and believed that movant was guilty beyond a reasonable doubt on both counts.

The court then stated that he would order a pre-sentence investigation and, at the time of sentencing, would advise movant whether the court would accept or reject the plea bargain agreement and that if it was rejected movant would have the opportunity to enter a plea of not guilty to each count. The following then occurred:

"MR. VAN ARKEL: Your Honor, we understood that we would proceed on today. In particular, Mr. Elmore is concerned that he's not getting any medical —adequate medical attention in jail. He's interested in getting out of jail so he can go see his doctor. That's part of why we proceeded this morning.

THE COURT: Have you ever had a presentence investigation that's ever been run on you?

MR. ELMORE: No, Your Honor.

THE COURT: All right. What would you do if you were released from jail today? Where would you go?

MR. ELMORE: Well, I'm going to get me a place here in Springfield in the first place, then go find my doctor, but I'm going to stay in Springfield."

The court then cancelled the presentence investigation, accepted the plea bargain agreement, ordered that the probation be unsupervised, and entered judgment and sentences in accordance with the plea bargain agreement.

The four subpoints of movant's first point will be considered in order.

■ With respect to subpoint (a), movant's motion alleges that counsel "refused to file motion to discover evidence." There is no allegation of the nature of the evidence which the motion, if filed, would have sought. Thus the motion fails to allege facts warranting relief. There is no allegation that if the motion to discover evidence had been filed, movant would have pleaded not guilty and insisted on going to trial. The motion fails to allege facts showing that a failure to file the "motion to discover evidence" prejudiced movant. Subpoint (a) has no merit.

■ With respect to subpoint (b), the motion alleges that counsel "improperly waived movant's right to a preliminary hearing." This allegation is refuted by the transcript of the guilty plea hearing in which movant stated that his counsel had not done anything movant wished that he had not done, and that counsel had not failed to do anything that movant wanted him to do. Further, the motion does not allege that if a preliminary hearing had been held, movant would not have entered his plea of guilty. The motion fails to allege facts showing prejudice resulting from the waiver of movant's right to a preliminary hearing. Subpoint (b) has no merit.

■ With respect to subpoint (c), the motion alleges that attorney Van Arkel informed movant "that [movant] would get jail time if [movant] did not plead guilty and that was the best he could do about the case." Movant has not pleaded any facts showing that the alleged information was false in any respect. Subpoint (c) has no merit.

With respect to subpoint (d), the motion alleges that counsel "failed to take necessary legal steps to obtain adequate medical treatment for movant, resulting in the endangerment of movant's health while in jail, and as a result movant entered a plea of guilty under duress in order to receive proper medical care." The motion then alleges that "during the stages of arraignment, preliminary, and sentencing, movant was under the influence of metprobamate 400 mg." The motion further alleges that movant's life was endangered and that the facts supporting that allegation are: "Medication refused as follows, (1) metprobamate 400 mg., (2) nitro-glycerin, (3) caroizem, (4) fiorinal # 3, Note: Each drug was prescribed by a licensed physician and was acquired by the above stated movant when only the medical staff within the Greene County Jail felt necessary. Each drug was also to be obtained by the movant, 1 4 times daily. Nitro-glycerin and metprobamate was refused totally."

■ The guilty plea hearing transcript shows that movant's medical problem, whatever it was, was not a factor which counsel had ignored.

As the trial court pointed out in its order denying the motion, the motion does not plead "what, if any, medical treatment movant required that he was not provided." The court also said: "Further, there is no allegation that counsel could have taken any legal steps to secure that medical treatment. Movant does not indicate what effect the lack of medical treatment had on his ability to understand and to participate effectively in his plea of guilty.... It would appear from the record that counsel did take legal steps, i.e., waiver of the presentence investigation and recommendation of the plea of guilty, in order to secure medical treatment for [movant]. [Movant]

in fact received an immediate release on unsupervised probation for the purpose of enabling him to proceed with proper medical treatment. Despite this court's express warnings as to the effect of any violations, movant violated his probation by committing a new forgery within nine days of his release. Probation was revoked and he was incarcerated. This court finds that movant's claim of ineffective assistance of counsel is refuted by the record and is without merit." The foregoing findings of the trial court are not clearly erroneous.

The motion does not allege how medical treatment which should have been sought differed from that which movant had received in jail. The transcript of the guilty plea hearing would support a finding that there was nothing of an emergency nature which afflicted movant. In fine, this subpoint is largely refuted by the transcript of the guilty plea hearing, and the motion fails to allege facts warranting relief and fails to allege facts showing prejudice to movant. Subpoint (d) has no merit.

Movant's second point is that the trial court erred in finding that his guilty pleas were made knowingly, intelligently, and voluntarily because "the record reflects: (a) movant's plea was entered under duress by his counsel by being threatened with facing jail time if he did not plead as instructed by counsel; (b) movant was not receiving medical treatment; (c) at the time the guilty pleas were entered, movant was under the influence of medication inhibiting his ability to enter a voluntary plea; and (d) if movant had been examined [by the court] outside of the hearing of his attorney, movant would have informed the court of these matters."

■ With respect to subpoint (a), the discussion of movant's first point demonstrates its invalidity. Moreover, the motion did not allege that counsel "threatened" movant, and the record of the guilty plea hearing serves to refute such an allegation if it had been made. Subpoint (a) has no merit.

■ With respect to subpoint (b), the discussion of subpoint (d) under movant's first point demonstrates its invalidity. Subpoint (b) has no merit.

■ With respect to subpoint (c), the trial court found that the transcript of the guilty plea hearing contained movant's denial that he was under the influence of any drugs. The trial court also found "[movant's] responses throughout the proceeding were coherent and rational and movant was able to present to the court a reasonable plan for action once he was released on probation. ... Movant specifically stated that he understood all the rights he was waiving by a plea of guilty. It is, furthermore, difficult for the court to see how he was under the influence of drugs which he was allegedly not receiving. The court also notes that in movant's Motion for Withdrawal of Plea, filed December 30, 1985, movant's grounds did not include any claim that he was under the influence of drugs which were or were not being provided to him, but merely that he was in a 'highly emotional state of depression' because of 'problems with his family.' ... This court finds that movant's claim that his plea was involuntary and unknowing because of the state of his health is refuted by the record and without merit." The foregoing findings of the trial court are not clearly erroneous. Subpoint (c) has no merit.

With respect to subpoint (d), the invalidity of (a), (b), and (c) renders it invalid as well. Further, the trial court made this finding: "The court is under no duty to inquire into conduct of movant's counsel outside the presence of the attorney. Furthermore, movant does not allege that his answers would have been different had the court made such an inquiry, or how they would have differed. The pleading, on its face, does not raise an allegation which, if true, would merit relief." The foregoing findings of the trial court are not clearly erroneous. Subpoint (d) has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.