**Raymond Lee TAYLOR, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. WD 39767.**

Missouri Court of Appeals,
Western District.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Application to Transfer Denied Sept. 13, 1988.

**254**

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for appellant.

Nancy A. McKerrow, Columbia, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This is an appeal by the state from the granting of Raymond Lee Taylor's Rule 27.26 motion. Respondent Taylor was convicted of murder in the second degree for a prison killing and sentenced to forty years in prison. His conviction was affirmed by this court in *State v. Taylor,* 602 S.W.2d 820 (Mo.App.1980).

From the time of Taylor's first *pro se* 27.26 motion in November, 1984, he has alleged he was provided ineffective assistance of counsel. Among the numerous grounds of ineffectiveness alleged was his trial counsel's failure to interview and call to testify specific fellow inmates for the purpose of advancing his defense of self-defense. An evidentiary hearing on an amended 27.26 motion was held in April, 1986. Writs of habeas corpus *ad testificandum* filed prior to this date for the potential witnesses in question, Kenney Lovett and E. Larry Johnson, had been denied, and new applications were not made before the April hearing because of counsel's opinion that it would be futile. Lovett and Johnson did not testify at the hearing. Findings of fact and conclusions of law issued in June, 1986, overruled the motion. On appeal, this court reversed and remanded the case to the hearing court for the purpose of allowing Taylor to present Johnson and Lovett. *Taylor v. State,* 728 S.W.2d 305 (Mo.App.1987). The court held that Taylor was entitled to present the testimony of Johnson and Lovett to aid in resolving the issue of whether the trial attorney had contacted the Johnson in question, and to establish a record from which the court could decide whether the testimony from these witnesses would likely have made a difference in the outcome of the trial. *Id.* at 307.

Testimony by Johnson and Lovett was consistent with Taylor's assertions as to what it would be. Lovett testified to witnessing a sexual threat made by Taylor's victim to Taylor earlier in the day of the killing, a threat that was to be carried out that night. Lovett testified to the victim's reputation for engaging in such activities. Lovett also testified that nobody had contacted him or investigated the case in his presence even though Taylor had approached him about being a witness. Johnson testified to the same threat, as well as one made to Taylor about a week earlier. Johnson testified he planned to provide names of other inmates that could be helpful in Taylor's defense. Johnson also testified that he had not been talked to by an attorney or an investigator on behalf of Taylor even though Taylor had approached

him about being a witness. Neither Lovett or Johnson was a witness to the killing.

Taylor's trial counsel testified that he talked with a number of inmates at the facility and concluded in general that use of their testimony in defense would be detrimental to Taylor's case. Trial counsel testified he spoke with a Larry Johnson, but was not sure it was the correct Larry Johnson since he stated he did not know Taylor. Trial counsel did not speak with Lovett in preparing the case. Trial counsel admitted that Taylor had told him he wanted inmates to testify as to the reputation of the black inmates ganging up and homosexually raping the white inmates at the prison.

After hearing this testimony in July, 1987, the hearing court issued its findings and conclusions of law in August, 1987. The court set out the facts as related above, and concluded that trial counsel was clearly on notice that there were witnesses available to advance a self defense theory. The court found that the failure of trial counsel to further investigate and produce Johnson and Lovett at trial when specifically requested to do so resulted in ineffective assistance of counsel, and that such testimony should have been presented before the jury for evaluation as to its veracity and any implications for a defense of self defense. The court acknowledged that Taylor had complained about the absence of the witnesses prior to trial, but did not have the opportunity to make a record without the cooperation of his attorney, and that Taylor had, with cause continued to raise this complaint for eight years.

This court's review is limited to a determination of whether the findings, conclusions and judgments of the hearing court are clearly erroneous. *Shivers v. State*, 720 S.W.2d 22, 23 (Mo.App.1986); *Amsden v. State*, 699 S.W.2d 54, 56 (Mo.App.1985); Supreme Court Rule 27.26(j). The hearing court's findings and conclusions are clearly erroneous if, after reviewing the record, this court is left with the definite and firm impression that a mistake has been made. *Shivers*, 720 S.W.2d at 23; *Durley v. State*, 685 S.W.2d 284, 286 (Mo.App.1985).

The state first asserts that the hearing court did not apply the correct standard of law in its disposition of the case since the court did not determine there was a reasonable probability of a different outcome had these witnesses been called to testify. The state's argument focuses on the second prong of the test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984), in which the defendant must show the reasonable probability of a different result because of counsel's errors (the first prong). The point is not well taken. The hearing court specifically noted its reliance on *Seales v. State*, 580 S.W.2d 733 (Mo.1979), and *Strickland* for guidance in its examination of the ineffective assistance claim, and set out the proper standard, including the requirement of prejudice. This recitation rebuts the assertion that the incorrect standard was applied. That the court granted the motion is a sufficient expression of a finding of prejudice, i.e., the reasonable probability of a different outcome. Even though the court did not expressly state a finding of prejudice, the court did state that Taylor had continued to raise his ineffectiveness complaint *with cause* for eight years.

The state next asserts the findings of the hearing court are clearly erroneous in that they ignore evidence which makes it clear that trial counsel's decision not to interview or call these witnesses was a matter of trial strategy. Cases which have addressed ineffective assistance claims have stressed the need for deference to and avoidance of second guessing the actions of defense attorneys. *See e.g., Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Keeping this deference in mind, the court is persuaded the hearing court was not clearly in error in finding ineffectiveness, thereby rejecting the trial strategy explanation. First, it is very difficult to characterize the decision by trial counsel not to *interview* specific witnesses suggested by his client as being a matter of strategy. Strategy depends on informa-

tion. Second, it is not clearly erroneous for the hearing court to conclude that Taylor's self defense theory required more than what could be regarded as Taylor's self-serving testimony that he was acting in response to a threat. As pointed out in Taylor's appeal of his conviction, two of the elements of a self defense claim are the presence of real or apparently real necessity to kill in order to save oneself and reasonable cause for belief in such necessity. *State v. Taylor*, 602 S.W.2d at 822. Reasonableness would most likely require testimony from sources other than Taylor even at the risk of setting up an inmate swearing match. Taylor made specific suggestions as to such sources, and the hearing court was not clearly erroneous in determining it was not a matter of reasonable trial strategy to decline to interview them or put them on as witnesses.

The decision and order of the hearing court is affirmed.