Irving J. BERRY, Jr. a/k/a James Irving Duncan, Appellant,

v.

STATE of Missouri, Respondent.

No. 54139.

Missouri Court of Appeals, Eastern District, Division Two.

July 12, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant (hereinafter defendant) appeals from the denial of his Rule 27.26 motion, which sought to vacate his 1980 conviction for assault with intent to maim with malice aforethought. Section 559.190 RSMo 1969 (repealed). The trial court made extensive findings of fact and conclusions of law and denied relief on the defendant's motion. We find no error and affirm the judgment of the trial court.

Defendant was convicted of seriously injuring a tavern patron who intervened during an argument between the defendant and a woman. We affirmed the conviction in *State v. Duncan*, 616 S.W.2d 87 (Mo. App.1981).

In his 27.26 motion, defendant asserts a number of errors made by his attorney during trial that formed the basis of his ineffective assistance of counsel claim. The only point at issue here is the trial court's finding that defendant was not deprived of a fair trial because his counsel failed to object to the summons of the jury into the courtroom on two occasions to determine how the jurors stood numerically on their deliberations. The trial court concluded that issue had been decided on direct appeal when the court held "the (trial) court's subsequent inquiries as to the jury's progress were carefully circumscribed and showed no sign of partiality or impatience." *Duncan*, 616 S.W.2d at 88. Citing the well-established law that a 27.26 proceeding cannot be used as a substitute for a second appeal, *Decker v. State*, 623 S.W.2d 563, 565 (Mo.App.1981), the trial court found the defendant's point was frivolous.

The sequence of events at issue began when the jury retired at 11:20 a.m. to begin deliberations. They were then summoned back into the courtroom at about 5 p.m. by the judge, who read jury instruction MAI–CR 1.10 (the hammer). At 5:52 p.m. and 7:03 p.m., the judge again summoned the jury to inquire how they stood numerically. The pertinent part of the last exchange will not be recited here since the exchange was fully reviewed on direct appeal. That review forms the crux of defendant's appeal of the denial of his 27.26 motion since the direct appeal review was under plain error. Rule 30.20. Plain error review was used on direct appeal since defendant's attorney did not object to the jury inquiries and the court held the point was not properly preserved for review. *Duncan*, 616 S.W.2d at 88.

Defendant's contention now is that his counsel's failure to preserve the point for review resulted in the point being reviewed under the plain error standard. Thus, the defendant maintains the ineffectiveness of his counsel resulted in the defendant's substantive rights being prejudiced because only plain error was considered on direct appeal.

We note that this court's review of an inadequacy of counsel claim is limited to a determination of whether the hearing court's findings, conclusions and judgments in this respect are clearly erroneous. *Johnson v. State*, 516 S.W.2d 500, 501 (Mo. App.1974). The trial court's findings are clearly erroneous if, after reviewing the record, the court is left with the definite and firm impression that a mistake has been made. *Bryant v. State*, 608 S.W.2d 101, 103 (Mo.App.1980). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to provide reasonably effective assistance and that his defense was thereby prejudiced. *State v. Harvey*, 692 S.W.2d 290, 292 (Mo. banc 1985). The appellant must show that the prejudice suffered led to a different result in the proceeding than would have occurred otherwise. The court need not determine effectiveness of counsel before examining the prejudice suffered by the defendant. *Shivers v. State*, 720 S.W.2d 22 (Mo.App.1986).

Turning to defendant's contention, it is clear that to prevail on an ineffective assistance claim, the failure of defendant's

counsel to object to the jury inquiries must have been prejudicial to defendant's rights. It is defendant's claim that such prejudice would have been found if review on direct appeal would have been more searching than plain error.

We need not proceed further, however, since defendant's basic premise is flawed in that defendant assumes plain error review excludes an examination of prejudicial error. In fact, plain error includes prejudicial error which so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Miller*, 604 S.W.2d 702, 706 (Mo.App.1980).

In this light, we cannot say the trial court's conclusion that the direct appeal decided the defendant's rights were not prejudiced by his counsel's failure to object to the jury inquiries was clearly erroneous.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.