Martin SAND, Appellant,

v.

STATE of Missouri, Respondent.

No. 15729.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 1988.

Jacob R. Skouby, Asst. Public Defender, Joplin, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant Martin Sand appeals from a denial without evidentiary hearing of his motion under former Rule 27.26.[1] Movant filed his post-conviction motion on November 18, 1987. The court below is accused of error because (1) movant's Rule 27.26

---

1. Missouri Rules of Court (18th ed. 1987). Because movant was sentenced prior to January 1, 1988, this proceeding is governed under the provisions of Rule 27.26. See Rule 29.15(m), Missouri Rules of Criminal Prodedure (19th ed. 1988).

motion sufficiently alleged ineffective assistance of counsel, (2) the court below failed to address all issues raised in the Rule 27.26 motion, and (3) the Rule 27.26 motion adequately alleged violation of movant's rights of due process and equal protection of the law resulting in an unfair trial and such claims are not refuted by the record. We affirm.

This is not the first time Sand has left footprints behind on the appellate landscape.[2] Movant's conviction and sentence for possession of methamphetamines, § 195.020.1,[3] which he now attacks, were affirmed on appeal. *State v. Sand*, 731 S.W.2d 488 (Mo.App.1987). The evidence at the original trial showed that a Carthage, Missouri, police officer observed movant and Pam Fisher in movant's vehicle. The officer determined an arrest warrant was outstanding for movant. The officer ultimately arrested Sand, but the arrest was effected only after the officer gave chase and physically subdued him. Drugs were found in a jacket worn by movant but dropped during the chase. The jacket was picked up by Pam Fisher before being seized by officers. Ms. Fisher, called as a defense witness, claimed she put the drugs in the pocket of the jacket and did not tell movant about it. The jury apparently did not believe her.

■ Movant is only entitled to an evidentiary hearing if (1) he alleges facts, not conclusions, warranting relief; (2) such facts are not conclusively refuted by the files and record in the underlying case; and (3) the matter complained of resulted in prejudice. *Williams v. State*, 736 S.W.2d 82, 83 (Mo.App.1987); *Ahart v. State*, 732 S.W.2d 256, 257 (Mo.App.1987). Sand's motion contained numerous allegations. We consider the sufficiency only of the allegations mentioned in the points on appeal.

■ Under his first point, Sand directs our attention to the allegation of his 27.26

motion in which he claims that the attorney representing him in the criminal trial (defense counsel) knew or should have known that when movant was arrested, he suffered from a back ailment, the flu, and genital herpes. The motion further asserts that defense counsel was ineffective in failing to present evidence of these conditions to the jury because the evidence would have explained movant's resistance when arrested. We agree with the motion court's assessment that the evidence of Sand's physical problems would make him less likely to resist arrest and "would have more strongly implied movant's knowledge that the search [of movant's jacket] would disclose controlled substance on his person." In short, the facts which defense counsel is alleged to have failed to present would not have benefited movant's case. The facts alleged do not warrant relief on the basis of ineffective assistance of counsel. If Sand is to establish a foundation for post-conviction relief, it must be based on more substantial ground.

In his second point, Sand shifts attention to a claimed inadequacy in the judgment because the motion court failed to specifically address one of his claims. The motion alleges that movant's main witness, Ms. Fisher, had been so intimidated by her arrest on the day of his trial that her testimony "lost its positiveness and was ... unconvincing to the jury."

■ Rule 27.26(i) contemplates that the preferable course for courts to follow in denying an evidentiary hearing is to detail why each claim alleged in a post-conviction motion is insufficient. But we need not remand for further findings if the findings in the record are sufficient to make a meaningful review of the correctness of the motion court's ruling. *Malone v. State*, 747 S.W.2d 695, 698 (Mo.App.1988); *Mercer v. State*, 666 S.W.2d 942, 947 (Mo. App.1984). In accordance with that principle, "generalized findings" have been de-

---

**2.** We borrow, with modifications and apologies to the author, from *A Psalm of Life:*
Lives of great men all remind us
We can make our lives sublime.
And, departing, leave behind us
Footprints on the sands of time.

Henry Wadsworth Longfellow

**3.** Unless otherwise indicated, all references to statutes are to RSMo 1986.

termined to be adequate to enable review on appeal. *Seltzer v. State,* 694 S.W.2d 778, 779 (Mo.App.1985). *See also Wilson v. State,* 748 S.W.2d 73, 76 (Mo.App.1988).

■ Here the court below found that movant "alleges facts that are conclusively refuted by the record or has failed to show that the matters complained of resulted in prejudice to him." That finding, when applied to the allegation of witness intimidation, is supported by the record in the underlying case.

During the trial, movant's attorney complained about Fisher being arrested just before trial commenced. The trial judge responded:

> The Court does not recall observing anything that I felt would indicate to the jury that the witness, Pam Fisher, was under arrest. I don't recall any statements being made to that effect. She certainly didn't appear to be intimidated in any way in her testimony. She testified just as strongly and in favor of the defendant as she could have....

This statement of the trial court, accompanied by the positive and supportive testimony of Ms. Fisher, discussed in detail in *State v. Sand, supra,* clearly refutes movant's claim of an unfair trial because of witness intimidation. The finding of the motion court that the allegations were "refuted by the record" was indubitably correct and sufficient.

■ Sand's third point complains that the trial court erred in denying him a hearing because the record does not refute the allegation in paragraph 8(g) of his motion that he was denied due process of law and equal protection of the law in violation of his constitutional rights. In paragraph 9(g), where Sand purports to allege facts supporting the grounds claimed in paragraph 8(g), he asserts he was abused by a police officer at the time of his arrest. The allegations do not explain how the abusive treatment resulted in an unfair trial, conviction or sentence. How was Sand prejudiced? We do not know, and the Rule 27.26 motion does not say. Unbuoyed by facts, Sand's claim runs aground on the shoals of legal conclusion. The third point

is patently without merit. The denial of the Rule 27.26 motion is affirmed.

CROW, P.J., and GREENE, J., concur.