Troy STARKEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42910.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

David M. Johnson, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a judgment denying a Rule 27.26 motion. Movant was convicted of forcible rape in 1973 and sentenced to 30 years' imprisonment. The conviction was affirmed on appeal. *State v. Starkey*, 536 S.W.2d 858 (Mo.App.1976).

In movant's single point relied on he charges that the trial court's finding that his trial counsel did not render ineffective assistance of counsel was clearly erroneous for two reasons. Movant insists first that counsel did not conduct a proper investiga-

tion of blood and seminal fluid samples; and second, that counsel failed to submit instructions on alibi and identification.

The points raised are ruled against movant and the judgment is affirmed.

■ In order to prevail movant must show that his attorney did not act with the skill and diligence of a reasonably competent attorney acting in similar circumstances, and that movant was prejudiced by the alleged ineffectiveness of his counsel. *Seales v. State,* 580 S.W.2d 733, 735[3] (Mo. banc 1979). The trial court found that counsel was not ineffective under the standard in *Seales.* The trial court's finding was not clearly erroneous.

Movant adduced no evidence to show that his experienced and capable trial counsel in fact was ineffective. The blood test and seminal fluid tests which movant complains were not made may have been either helpful or harmful to the defense. The seminal fluid test was not in common use at the time of trial in 1971. Further there was evidence that because the slide of seminal fluid taken by the hospital physician was "stained," it would have been impossible to conduct the blood type test which movant accuses his counsel of failing to arrange.

The only evidence of alibi was movant's testimony which was very weak. There was a positive identification of movant by the victim and two other witnesses. Trial strategy may have dictated a decision not to emphasize these points by submitting instructions on them in view of the weakness of the defense evidence as it related to identification and alibi. At the very least movant did not prove that the failure to request these instructions prejudiced his case. *Seales v. State, supra.*

An extended discussion of the facts would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.