Charles Keith DECKER, Appellant,

v.

STATE of Missouri, Respondent.

No. 43539.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 22, 1981.

Michael D. Stokes, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding.

Movant was charged by two-count indictment with first degree robbery and stealing a motor vehicle. On November 16, 1977, a jury found him guilty of stealing a motor vehicle, but acquitted him on the robbery charge. In view of movant's seven previous felony convictions, the trial court sentenced him to ten years imprisonment under the Second Offender Act, § 556.280, RSMo. 1969. His conviction was affirmed on September 11, 1979. *State v. Decker*, 591 S.W.2d 7 (Mo.App.1979).

Movant's Rule 27.26 motion was denied without an evidentiary hearing. On this appeal, movant seeks an evidentiary hearing. We affirm.

Movant alleged ineffective assistance of counsel, based on several alleged errors by his trial counsel:

(1) Failure to advise movant of the maximum sentence.

(2) Failure to call certain witnesses.

(3) Failure to introduce certain police reports into evidence.

(4) Failure to make a thorough pre-trial investigation.

■ Movant's conclusory allegation as to the failure of counsel to advise him of the maximum sentence to which he was subject has no merit and warrants no discussion. Movant's allegation that counsel neglected to make a thorough pre-trial investigation does not state what that inquiry would bring to light. Therefore, the trial court rightly arrived at a conclusion concerning the proposition from the face of the motion. No evidentiary hearing was required. *Burns v. State*, 601 S.W.2d 633, 635 (Mo. App.1980).

This leaves us with two allegations to dispose of. First, movant alleged that his attorney failed to call certain witnesses whose names were provided to him. Said witnesses were identified as Police Officers Allen, Calcatera and Medlin of the St. Louis Metropolitan Police Department. Movant alleged that their testimony would establish the discrepancies between the physical de-

scriptions of the perpetrators in the two police reports submitted in the robbery and car theft incidents and between movant's physique and the descriptions in the two police reports in question. He also claims that his trial counsel failed to make use of the police reports to establish the discrepancy between his appearance and the descriptions given in the police reports.

 To be entitled to an evidentiary hearing on these assertions, movant had to allege facts that, if proved, would have entitled him to relief under Rule 27.26. In order to prove ineffective assistance of counsel, movant had to show both his attorney did not conduct himself with the ability and care of a reasonably capable attorney acting under comparable conditions and he was prejudiced thereby. *Starkey v. State*, 612 S.W.2d 861, 862 (Mo.App.1981).

In the case at bar, even if movant had proven all that he alleged, he would not have carried his burden of proving ineffective assistance of counsel. The allegations referred only to impeachment of the state's witnesses. They did not exonerate movant, nor did they even go to his innocence. Movant's allegations do not state what the discrepancies were between his physical appearance and the descriptions in the two police reports, nor do they mention how the police officers would testify concerning the alleged discrepancies and descriptions. The selection of witnesses, like the introduction of evidence, is a question of trial strategy, *Wilhite v. State*, 614 S.W.2d 33, 35 (Mo.App. 1981), and the mere choice of trial strategy is not a foundation for the finding of ineffective assistance of counsel. *Wolfe v. State*, 613 S.W.2d 892, 898 (Mo.App.1981).

Further, it must be remembered that the jury was able to hear the testimony of the victims of the two crimes. Both repeated the descriptions which they had given police. The jury was able to resolve the inconsistencies by acquitting movant of the robbery charge. The testimony of the police officers and the introduction of the police reports would have been cumulative. A post-conviction proceeding under Rule 27.26 cannot be used as a substitute for a second appeal and cannot serve as a forum for relitigating the guilt or innocence of movant. *Wilhite v. State, supra*, at 34.

Our review of the trial court's findings, conclusions and judgment is limited to whether or not they are clearly erroneous. *Id.* It cannot be held, under the facts and circumstances of the instant case, that the findings, conclusions and judgment were clearly erroneous.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.