**STATE of Missouri, Plaintiff-Respondent,**

v.

**Darryl BURTON, Movant-Appellant.**

**No. 50075.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1986.

Motion for Rehearing and/or Transfer Denied April 22, 1986.

Application to Transfer Denied June 17, 1986.

created by her impeachment.

Dorothy Mae Hirzy, Public Defender, St. Louis, for movant-appellant.

John Munson Morris, Duane Edward Butler, Carrie Diane Francke, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Darryl Burton, appeals conviction of capital murder, § 565.001 RSMo 1978, and armed criminal action, § 571.015 RSMo 1978. He was sentenced to fifty years imprisonment without probation for capital murder and a consecutive twenty-five year sentence for armed criminal action.

Defendant claims the trial court erred in: (1) overruling defendant's motion for judgment of acquittal because there was no substantial evidence to support the convictions; (2) overruling defendant's motion to suppress identification; (3) allowing an impermissible reference to defendant's right to remain silent; (4) permitting the prosecuting attorney to argue an adverse inference to defendant's failure to call alibi witnesses; and (5) permitting the prosecuting attorney to personalize an attack against defense counsel. Affirmed.

We review the evidence in the light most favorable to the verdict. Two eyewitnesses for the state testified that on June 4, 1984, between 9:00 p.m. and 10:00 p.m., defendant came onto an Amoco Service Station, and began firing shots at the victim, Donald Ball. The victim tried to run from the defendant but the defendant shot him in the back and killed him. Defendant then ran from the lot.

Defendant's first point claims the evidence was insufficient to support charges of capital murder and armed criminal action and the trial court erred in refusing to grant a judgment of acquittal. The only evidence connecting the defendant to the crime was the testimony of the eyewitness-

es. Defendant claims their testimony was "self-serving" and "perjured" and for these reasons does not constitute substantial evidence for conviction.

Eddie Walker testified that on June 4 at approximately 9:00–10:00 p.m., he was standing on the corner of the Amoco lot when he heard shots fired. He stated the lot was well lit and he saw the defendant shoot the victim and run away. He also stated that he knew the defendant from the neighborhood. Defendant claims it was physically impossible for the witness to identify the defendant as the perpetrator because the shooting occurred approximately 100 feet from the witness. Defendant claims his testimony was perjured.

Claudex Simmons testified that while he was standing in line at the Amoco cashier's cage he saw the defendant with a gun chasing the victim. The witness saw the defendant shoot the victim and then run away. He also knew the defendant prior to the shooting.

■ Defendant challenges the testimony of Claudex Simmons as "self-serving" and "perjured." Defendant argues Claudex testified against him in order to reduce a sentence he was to receive for an unrelated robbery charge. We note that a witness' testimony can only be self-serving in the usual sense if the witness is a party to the lawsuit. Also, the fact a witness has obtained a reduction of charges and punishment in exchange for his testimony does not disqualify him as a witness in a criminal proceeding, but, rather, could be shown as affecting credibility of his testimony. *State v. Holt*, 592 S.W.2d 759, 774 (Mo. banc 1980). Here, the circumstances of the witness' criminal charge and his bargain with the state were before the jury.

■ The record indicates that conflicts, discrepancies and circumstances surrounding the witnesses' identification were revealed on direct and cross-examination and so were before the jury. Conflicting evidence as to eyewitness identification of the defendant are issues of credibility for the jury to determine, a matter which is not for

review by the Court of Appeals. *State v. Ross*, 680 S.W.2d 213, 216 (Mo.App.1984). A jury is free to believe all, some or none of the witness' testimony in light of facts, circumstances and other testimony of the case. *Holt*, 592 S.W.2d at 774. The defendant is not entitled to a judgment of acquittal merely because of discrepancies or conflicts in the testimony of the state's witnesses. *State v. Harvey*, 641 S.W.2d 792, 800 (Mo.App.1982). The fact that a witness' testimony is contradictory does not prevent it from constituting substantial evidence. *Id.* The identification testimony made a submissible case and the trial court properly refused a judgment of acquittal and the grounds asserted.

■ Defendant's second point claims the trial court erred in overruling defendant's motion to suppress identification testimony because of the alleged perjured testimony of the eyewitnesses.

The record indicates the motion to suppress identification evidence did not discuss the potential unreliability of the eyewitnesses. The motion to suppress referred to out-of-court identification. There was no objection to the admission of the eyewitness identification testimony at trial. We review the trial court error when unsuppressed evidence is presented over timely and specific objection. *State v. Toney*, 680 S.W.2d 268, 275 (Mo.App.1984); *State v. McCrary*, 652 S.W.2d 220, 222 (Mo.App. 1983). Defendant failed to preserve this point for appeal. We find no error plain or otherwise. Rule 30.20.

■ Defendant's third point claims the "*prosecuting attorney* committed plain error" by illiciting testimony from two police officers who referred to defendant's silence after he was given *Miranda* warnings.

We do not review the error of the prosecutor but only errors of the trial court. Further, the defendant failed to preserve this point for appeal by failing to timely and specifically object to the testimony. *State v. Williams*, 662 S.W.2d 277, 280 (Mo.App.1983). We find no error plain or otherwise. Rule 30.20.

Defendant's fourth point claims the *"prosecuting attorney* erred" by arguing an adverse inference from defendant's failure to produce alibi witnesses in his closing argument. Again, we only review errors of the trial court not the prosecuting attorney.

■ Defendant relies primarily upon cases which state that the attorney cannot argue an adverse inference if a witness is equally available to both parties. *State v. Webster,* 659 S.W.2d 286, 289 (Mo.App. 1983).

That is not the case before us. There is no mention of defendant's failure to call a witness who is equally available to both parties. Here, the prosecutor referred to defendant's failure to present evidence of his whereabouts on the night of the shooting. No particular or named witness who might have been called was mentioned. Accordingly, the test of equal availability is not involved.

■ The trial court has considerable discretion in allowing or rejecting argument of counsel and its rulings are reversible only for abuse of discretion where the argument is plainly unwarranted. *State v. Moore,* 620 S.W.2d 370, 373 (Mo. banc 1981). The prosecutor has the right to argue evidence and all reasonable inferences which he believes is justified. *State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983). It is not improper for a prosecutor to comment on the defendant's failure to offer evidence in his own behalf. *State v. Wynn,* 666 S.W.2d 862, 866 (Mo.App.1984). On this point and the present facts *Wynn* is decisive.

■ Defendant's final point claims the trial court erred in allowing the prosecuting attorney to personalize his attack against defense counsel. The prosecutor's closing argument proceeded as follows:

.      .      .      .      .

PROSECUTOR: … He's been in jail since June 28th doing nothing but thinking about this case. And I'll tell you, that's over half a year to think of every friend you possibly had and a half a year to get her [Defense counsel] investigator to go out and find where he was.

DEFENSE COUNSEL: I'm going to object, your Honor. I'm not going to bring perjured witnesses in here.

PROSECUTOR: That's right. She can't bring in people that will lie for him.

DEFENSE COUNSEL: I object to that, your Honor. That is irrelevant.

THE COURT: Overruled.

PROSECUTOR: She said it. The only people that could come in here would be liars to say that they were with him.

.      .      .      .      .

The record indicates the prosecuting attorney was not personally attacking defense counsel but was commenting on defense counsel's statement that she was not going to bring in perjured testimony. *See McDonald,* 661 S.W.2d at 502. The trial court has broad discretion in determining propriety of oral argument and appellate courts will not interfere absent clear abuse of discretion and prejudice to defendant. *State v. Williams,* 674 S.W.2d 46, 49 (Mo. App.1984).

We find the remarks of the prosecutor did not cause prejudice to the defendant nor was there an abuse of discretion by overruling defendant's objections to such remarks.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.