STATE of Missouri, Respondent,

v.

Lonzo STEWART, Appellant.

No. 53552.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Carl Kinsky, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of murder in the second degree and sentenced to twenty years' imprisonment. We affirm.

Defendant does not question the sufficiency of the evidence to support the conviction. The relevant facts may be briefly stated as follows: Defendant, his brother Marvin, victim, and the State's witness (Stevens) all lived near the area where the crime occurred. Around 4 a.m. on November 15, 1986, upon seeing a police car approach, Marvin discarded his pistol onto a vacant lot. Thereafter he attempted to retrieve it, but could not find it, so he went home. A few minutes later Marvin returned to the lot accompanied by defendant to continue the search.

At this point, victim and Stevens were standing outside victim's home. The evidence differs concerning how it happened, but victim and Stevens joined in the search for the pistol. At some point, defendant became convinced that either victim or Stevens had the pistol. He searched Stevens but found nothing. At that time, victim told defendant he had the gun and was going to keep it. Thereafter an argument ensued, the result of which was victim being shot in the head a total of six times.

Stevens testified defendant shot victim once, and after victim fell defendant fired five more shots into his head. Defendant admitted shooting victim but asserted it was in self-defense. Both he and his brother testified victim pulled out a gun, threatened to kill them both, fired at defendant, and defendant fired back in his own defense. Defendant was not injured in the fray.

After the shooting defendant and his brother fled the scene and defendant disposed of the pistol. Stevens, who had known both defendant and victim for a number of years, ran to the home of victim and told his family what had happened. ■ Defendant's assertions of error all concern comments made in the State's closing argument. He first asserts error in the court's failure to declare a mistrial following the statement by the prosecutor that

Stevens "had to leave town because of this case, and move to Chicago."

Defense counsel objected to this comment by the assistant prosecutor on the grounds it alleged defendant had done something to cause Stevens to leave town, and evidence of that was not on the record. There was testimony at trial that Stevens had moved to Chicago. The judge sustained the objection, instructed the jury to disregard the remark, and ordered it stricken from the record; however, he denied defendant's motion for a mistrial.

To declare a mistrial is a drastic remedy and should only be done in extraordinary circumstances. *State v. Young,* 701 S.W. 2d 429, 434 (Mo. banc 1986), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). We review that decision only for an abuse of discretion. *Id.* To deny the mistrial in this case was not an abuse of discretion. The error was properly cured by the trial judge instructing the jury to disregard it and having it stricken from the record. *See State v. Laws,* 668 S.W.2d 234, 238[6] (Mo.App.1984).

■ Defendant's other allegations of error relate to unobjected to remarks by the assistant prosecutor during closing argument. He seeks plain error review under Rule 30.20. "Relief should be rarely granted on assertion of *plain error* to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication." *State v. Wood,* 719 S.W.2d 756, 759[5] (Mo. banc 1986). Plain error may be considered on appeal when there is a clear showing that a miscarriage of justice will result if relief is not given. *Id.* Upon weighing the evidence of defendant's guilt along with the possible prejudicial effect of the various remarks, we decline to review for plain error.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.