Loretta YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

No. 54267.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant, Loretta Young, challenges the denial of her motion to vacate, set aside, and correct sentence and judgment under Supreme Court Rule 27.26, following a jury trial and conviction for capital murder for which appellant was sentenced to life imprisonment. This court affirmed the conviction on direct appeal in *State v. Young*, 610 S.W.2d 8 (Mo.App.1980).

An original *pro se* motion under Rule 27.26 was filed on September 29, 1978 but dismissed on February 14, 1979 without prejudice. A second 27.26 motion was filed on March 11, 1985 which was denied on August 26, 1985 without a hearing. Movant appealed and the order was reversed and remanded for an evidentiary hearing. *Young v. State*, 724 S.W.2d 326 (Mo.App. 1987). An evidentiary hearing was held on December 1, 1987 at which time movant testified that trial counsel had ineffectively assisted her during her original trial in 1978. This 27.26 motion was taken under submission and later denied on December 3, 1987. This appeal followed.

Movant raises three points on appeal. Appellant first contends that the trial court erred when it failed to make findings of fact on each and every issue presented as required by Rule 27.26. Movant argues that the trial court refused to issue findings on the following points of her motion: 1) that trial counsel was ineffective for failing to file a writ of prohibition to stop the criminal proceedings against her because the Missouri Supreme Court had ruled the statutes under which appellant was charged were unconstitutional and in violation of the eighth and fourteenth amendments; 2) that the indictment filed against her was insufficient because the indictment did not contain any reference to any unlawful acts; 3) that counsel was ineffective for failing to object to certain jury instructions, in that the instructions referred to appellant acting with Willie Jean Carter, when there was no evidence introduced at trial that Carter was involved, arrested, or committed the offense charged; and 4) that it was erroneous for the court not to give the jury legal definitions of words used in the instructions such as feloniously, willfully and malice aforethought.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court below are clearly erroneous. Rule 27.26(i); *Daniels v. State*, 751 S.W.2d 399, 401 (Mo.App.1988). On such a motion a "prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence." Rule 27.26(f).

Rule 27.26(i) provides that "[t]he court shall make findings of fact and conclusions of law on all issues presented." This rule merely means that generalized findings of fact are adequate if they are sufficient to enable the appellate court to review movant's contentions. *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App.1985). Turning to the alleged defects in the trial court's findings and conclusions we can find no error.

In regard to whether counsel was ineffective for failing to file a writ of prohi-

bition, appellant failed to raise this issue at the hearing. The trial court cannot be found to have committed error for failing to make conclusions of law on issues not presented during the hearing. *Holzer v. State*, 680 S.W.2d 764 (Mo.App.1984).

■ Turning to the sufficiency of the indictment, appellant also failed to offer any evidence concerning the omission of the word "unlawfully" from the indictment. The only evidence concerning this matter were appellant's own statements that she did not see the word "unlawful" in the indictment. A review of the indictment reveals that the word "unlawfully" does appear on the face of the indictment. An indictment is sufficient when it "contains all of the essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution." *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1981). This indictment is sufficient.

■ Concerning counsel's failure to object to certain jury instructions, these allegations are generally not reviewable in a 27.26 motion. The general rule is that instructional error is not cognizable in a 27.26 proceeding unless the error rises to the level of a constitutional error. *Atkins v. State*, 741 S.W.2d 729 (Mo.App.1987). Movant's claim concerning the instruction which attributed the crime not only to movant but also to Willie Jean Carter has previously been before this court on direct appeal. In *State v. Young*, 610 S.W.2d 8, 13 (Mo.App.1980), this court previously held that the submission of the instruction was proper. Once a point has been considered on direct appeal it may not be reconsidered in a post conviction proceeding. Rule 27.-26(b)(3); *Wilhite v. State*, 615 S.W.2d 506 (Mo.App.1981). The other alleged instructional error does not rise to the level of a constitutional error. We find that appellant's first point is without merit.

■ Movant's second contention is that the trial court erred in finding that trial counsel was not ineffective. Movant alleges that counsel was ineffective because

counsel waived an instruction on felony murder at trial denying her due process, fair trial and effective assistance of counsel as provided for in the constitution. During the instruction conference, trial counsel, the prosecution and the trial court, all agreed that evidence of movant's participation in the robbery was so slight that the first degree murder instruction could not have been supported. At this time, trial counsel waived the first degree murder instruction. This waiver is consistent with movant's own testimony that she did not participate in the robbery. Trial counsel concluded that it would be unreasonable to instruct on this lesser included offense. An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel. *Love v. State*, 670 S.W.2d 499 (Mo. banc 1984). Movant argues that *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) should control our decision in this case. In Beck, the Supreme Court held that a first degree murder instruction should be given with a capital murder instruction when the only other instruction is one for acquittal. The Supreme Court felt that this would prevent the jury from returning an unwarranted guilty verdict. In the case before us, however, sufficient procedural safeguards existed to ensure that movant's rights remained protected. Unlike the situation in Beck where the only alternative was acquittal, the jury in this case was also given instructions on second degree murder and manslaughter, thus, reducing the possibility of an unwarranted verdict. Movant suggest that had the first degree murder instruction been offered they would have returned a verdict on that instruction. This court cannot speculate nor can the movant speculate as to what the jury might have done if the instruction on first degree murder, had been given and for that reason find that defendant was not denied effective assistance of counsel. *Mercer v. State*, 666 S.W.2d 942, 946 (Mo.App.1984).

■ Movant's final contention is that she was not afforded effective assistance of counsel because trial counsel failed to con-

tact or call three possible defense witnesses. Ordinarily, the choice of witnesses and defense tactics are matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Jackson v. State*, 729 S.W.2d 253 (Mo.App.1987).

Nothing in the record indicates that these witnesses were willing to testify or even if they could be found to testify. Movant admitted during the evidentiary hearing that trial counsel informed her that she could not locate one of these witnesses. It is the movant's burden in a Rule 27.26 proceeding to prove that the witnesses could have been located through reasonable investigation, the witnesses if called would have testified, and that the testimony would have provided a viable defense. *Stidum v. State*, 736 S.W.2d 477 (Mo.App. 1987). Movant did not meet this burden at the evidentiary hearing. This point is therefore without merit.

The judgment of the motion court is affirmed.

CARL R. GAERTNER, J., and SIMEONE, Senior Judge, concur.