**Dwight CLARK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55369.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of murder in the second degree and sentenced to life imprisonment for the fatal beating of a robbery victim. The conviction and sentence were affirmed in *State v. Clark,* 671 S.W.2d 374 (Mo.App.1984). A recitation of the underlying facts of the case can be found therein.

Movant appeals the denial of his 27.26 motion, claiming his allegations of ineffective assistance of counsel entitled him to an evidentiary hearing. To be entitled to an evidentiary hearing, movant must allege facts which, if true, warrant relief. The facts must not be refuted by the record and must have resulted in prejudice to movant. *Allbritton v. State,* 747 S.W.2d 687, 688–89[1] (Mo.App.1988). In order to prove ineffective assistance of counsel, movant must show "his attorney did not conduct himself with the ability and care of a reasonably capable attorney acting under comparable conditions and he was prejudiced thereby." *Decker v. State,* 623 S.W.2d 563, 565[2] (Mo.App.1981). Keeping these considerations in mind, we will review each of movant's allegations.

■ Movant first alleges his counsel was ineffective for failing to object to the prosecutor's reading of a letter written by movant to a co-defendant and containing statements incriminating movant. Movant goes on to state "[t]he unchallenged admission of such evidence was clearly prejudicial...."

We note initially that the admission of the letter into evidence did not go unchallenged by defense counsel. She objected strenuously and repeatedly to the same. Her objections were overruled and any allegation of error in that regard was a matter for direct appeal.

The recipient of the letter, movant's co-defendant, testified at the trial and identified the letter. Because the witness could not read, the prosecutor read the letter to him for identification purposes. Movant failed to state facts showing how he was prejudiced by his attorney's failure to object to the prosecutor's action or failure to request that the prosecutor be sworn as a witness. We see no merit in this allegation.

■ Movant next asserts defense counsel was ineffective in failing to cross-examine his co-defendant regarding an affidavit which recanted the statements the co-defendant had made incriminating movant in the crime charged.

Neither in his 27.26 motion nor in his brief on appeal does movant specify what statements were contained in the affidavit. The affidavit, at most, could have been used only to impeach the testimony of his co-defendant, and would not have provided movant with a defense. Therefore, this allegation, if proven, would not entitle movant to relief. *Allbritton,* 747 S.W.2d at 689[4]; *Decker,* 623 S.W.2d at 565[3]. Furthermore, our examination of the record reveals that defense counsel conducted an extensive cross-examination of the co-defendant, utilizing numerous inconsistencies in his various statements. Her failure to utilize the affidavit in this manner did not affect the outcome of movant's trial.

■ Movant also claims his attorney was ineffective for failing to object to the prosecutor's statement during closing argument that he vouched for the credibility of a State's witness by putting him on the stand. In violation of Rule 84.04(h), movant fails to cite that part of the trial transcript to which his complaint is directed. However, we have found the portion of closing argument to which movant refers and it appears defense counsel sufficiently objected to the remarks by the prosecutor and movant suffered no prejudice therefrom. The trial court has wide latitude in controlling closing arguments. This point is denied.

Finally, movant alleges defense counsel was ineffective in failing to investigate or produce "Mr. Walker, a known alibi witness." Movant failed to state the complete name of the witness or the substance of the testimony expected from him. Because of these deficiencies, the allegation did not entitle movant to an evidentiary hearing. *Ahart v. State*, 732 S.W.2d 256, 257[2] (Mo.App.1987); *Baker v. State*, 680 S.W.2d 278, 281[4] (Mo.App.1984). An examination of the record reveals movant originally told the police he was with an individual named Fred Walker on the night of the murder; however, movant later retracted this statement and told the police he was at his mother's home on the night in question. Considering these inconsistencies, we cannot say defense counsel was ineffective in failing to produce Mr. Walker.

For all these reasons, we find the motion court's summary denial of movant's 27.26 motion was not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.