Richard James **ELLIS**,
Movant–Appellant

v.

**STATE of Missouri, Respondent.**

No. 15743.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 1989.

Motion for Rehearing or Transfer
Denied June 29, 1989.

Application to Transfer Denied
Aug. 1, 1989.

---

Charles E. Atwell, Susan M. Hunt, Koenigsdorf, Wyrsch & Ramsey, P.C., Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant Richard James Ellis was convicted of two counts of sodomy by having deviate sexual intercourse with a child less than fourteen years old, § 566.060.3.[1]  He was sentenced to two consecutive ten-year

---

1. References to statutes are to RSMo Cum.Supp.  1984.

terms, § 558.011.1(1). The conviction was affirmed on appeal. *State v. Ellis,* 710 S.W.2d 378 (Mo.App.1986).

A motion for post-conviction relief was filed December 28, 1987, pursuant to former Rule 27.26.[2] Following an evidentiary hearing, movant was denied relief and now appeals.

Movant's final point, which we address first, conjunctively asserts two unrelated errors. The first claim is that movant was "denied ... a full and fair evidentiary hearing in that the trial judge greatly limited [movant's] ability to introduce evidence to demonstrate that he was prejudiced by his attorney's ineffective assistance of counsel." The second claim is that the "findings of fact and conclusions of law failed to comply with Rule 27.26(i) in that said findings of fact and conclusions of law did not cover all issues presented by [movant] in his motion."

■ The point does not identify the issues which movant contends were not addressed in the findings of fact and conclusions of law. Because the point fails to identify issues not addressed in the findings of fact and conclusions of law, we are doubtful that the claim is preserved for appellate review. *Johnson v. State,* 587 S.W.2d 622, 623 (Mo.App.1979); Rule 84.-04(d); Rule 84.13(a). Assuming the claim is preserved, we learn from the argument portion of the brief that the specific issues which movant claims were not addressed were that defense counsel was ineffective in failing to object to the prosecutor's comments during closing argument relating to the defendant's nonproduction of excluded evidence, and counsel's failure to object to a rebuttal witness whose testimony was undisclosed. The motion court found that, among other claims of ineffective assistance of counsel, movant asserted his attorney failed "to object to various comments made by the Prosecutor in the closing argument" and failed "to object to the intro-

duction of testimony by the state offered to rebutt [sic] Movant's alibi." The court concluded that movant had failed to establish ineffective assistance of counsel. Those findings and conclusions are adequate to provide meaningful review in this appeal and, therefore, meet the requirements of Rule 27.26(i). *McDonald v. State,* 758 S.W.2d 101, 104 (Mo.App.1988).

■ No authority is cited in support of the claim that movant was limited in his ability to introduce evidence, and no explanation is given for the absence of authority. Claims for which no authority is cited are not reviewable. *State v. Warters,* 457 S.W.2d 808, 811 (Mo.1970); Rule 84.04(d); Rule 84.13(a). The excluded evidence referred to in the argument portion of the brief under this point was the motion court's refusal to permit movant to read excerpts from the transcript of the underlying trial, refusal to allow James Cogbill to testify, restricting Gwen Sreaves' testimony, and not allowing a complete offer of proof concerning Mason Dikeman's testimony. Since the entire transcript was already in evidence, there was no need for movant to read from the transcript; the substance of James Cogbill's testimony was before the court by means of an affidavit; Gwen Sreaves was allowed to testify concerning everything for which she was offered; and the offer of proof concerning Mason Dikeman's testimony related to an issue already ruled on in the direct appeal. Thus, there was no plain error on the claim that movant was limited in his ability to present evidence at the Rule 27.26 hearing.

■ Movant's second point asserts that the evidence before the grand jury which indicted him indicated that movant committed the crimes prior to December of 1983, while Count II of the indictment alleged an act of sodomy occurred between December 1 and December 31, 1983. Movant argues that because time was of decisive importance, the absence of evidence before the

**2.** References to Rule 27.26 are to Missouri Rules of Court (18th ed.1987). Since sentence was pronounced prior to January 1, 1988, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date

the motion was filed. Rule 29.15(m), Missouri Rules of Court (20th ed. 1989). Unless otherwise indicated, all other rule references are to Missouri Rules of Court (20th ed. 1989).

grand jury that the crime occurred on one of the dates alleged made Count II of the indictment void. In response to a similar claim made in the direct appeal, it was held that time is not of the essence of deviate sexual intercourse in a sodomy case. *State v. Ellis, supra,* at 384–85. By merely cloaking the issue in a different theory, a Rule 27.26 motion cannot be used as a vehicle for a second appellate review in which issues decided on direct appeal are relitigated. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989). In addition, movant's claim is an attack on the sufficiency of the evidence before the grand jury to support the indictment. While a grand jury must hear some evidence before returning an indictment, it is the judge of the sufficiency and competency of that evidence. *State v. Selle,* 367 S.W.2d 522, 526 (Mo.1963); *State v. Brown,* 588 S.W.2d 745, 746 (Mo.App.1979). The second point is without merit.

■ The other point[3] is movant's claim that the attorney who represented him in the underlying case (defense counsel) was ineffective because he failed to object to improper argument by the prosecutor, failed to object to improper rebuttal evidence, and failed to request two nonmandatory instructions. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would provide, and that he was prejudiced due to the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The movant's burden to prove ineffective assistance of counsel has been characterized as heavy to bear. *Driscoll v. State,* 767 S.W.2d 5, 7 (Mo. banc 1989). If the failure to object is the result of a strategic choice made after a thorough investigation of law and facts relevant to plausible options, the attorney's conduct is virtually unchallengeable. *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at

2066, 80 L.Ed.2d at 695. Trial strategy is an element of an attorney's decision to pose an objection to a particular question or statement. *Driscoll v. State, supra,* at 11.

The allegedly objectionable arguments of the prosecuting attorney were (1) comments indirectly referring to movant's failure to testify, (2) assertions that each time the victim gave an account of the crimes her basic story was consistent, and (3) comments on the absence of evidence of a motive to lie on the part of the victim.

■ In the direct appeal it was held that the remarks of the prosecutor, which are here claimed to have been a comment on movant's failure to testify, did not constitute prejudicial error. *State v. Ellis, supra,* at 386. That holding conclusively establishes that counsel's failure to object did not result in prejudice, an essential element necessary to justify post-conviction relief.

■ The second prosecutorial argument complained of was the statement that, notwithstanding inconsistencies in the victim's retelling of her story, "the basic facts, what [movant] did to her, have not changed a bit." The transcript of the child's testimony reflects that statement to be true. The argument was a permissible comment on the evidence. *See State v. Johnson,* 697 S.W.2d 228, 231 (Mo.App.1985); *State v. Burton,* 710 S.W.2d 306, 309 (Mo.App. 1986). Any objection to the argument would have been without merit. Counsel will not be deemed ineffective for failure to make a meritless objection. *Daniels v. State,* 751 S.W.2d 399, 402 (Mo.App.1988).

■ The third argument to which movant now claims defense counsel should have objected were comments by the prosecutor "concerning the non-production of evidence of a motive for the victim to fabricate her" testimony. Movant claims that the trial court excluded evidence that the victim had a motive to fabricate her story, and the prosecutor's comments on the defendant's failure to produce the excluded

---

**3.** The point violates Rule 84.04(d) by including a "long list" of more than 100 citations to authority.

evidence were plain error, citing, among other cases, *State v. Hammonds*, 651 S.W.2d 537 (Mo.App.1983), and *State v. Luleff*, 729 S.W.2d 530 (Mo.App.1987).

The transcript of the underlying trial reveals that defense counsel, during his opening statement, said he would call psychologist Mason Dikeman to testify that in Dikeman's professional opinion, the victim may have fabricated her story. Dikeman was called as a witness. The state objected to his testimony based upon a claim of privileged communication. The objection was initially sustained, but after hearing testimony from the victim's mother, the trial judge reversed his ruling and permitted Dikeman to testify that the victim had told him she had observed movant performing cunnilingus on the child's mother.

Defense counsel also offered to have Dikeman "compare how, or to state the differences, if any, between certain acts that [the victim] has done, as compared with those who ... he knows for sure have actually been molested." This offer of evidence was properly rejected by the trial court as an attempt to present expert opinion on the credibility of the victim. *See State v. Ellis, supra*, at 388. While such evidence, if admitted, might permit an inference that the victim was not subjected to sexual molestation, and thereby undermine her credibility, it does not, by inference or otherwise, explain what reason the child might have for being untruthful. No evidence was excluded showing the victim had a motive to fabricate her testimony. Consequently, the prosecutor's argument was not a comment on excluded evidence as occurred in *Hammonds* and *Luleff*. Those and other similar cases relating to prosecutorial comments on excluded evidence are inapposite.

■ The prosecutor has a right to argue the evidence and all reasonable inferences which he believes justified. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *stay of execution*, 464 U.S. 1306, 104 S.Ct. 567, 78 L.Ed.2d 538 (1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). This includes the right to argue that the defense has presented

"no evidence" on a particular point. *State v. Wynn*, 666 S.W.2d 862, 866 (Mo.App. 1984). Because no prosecutorial comment was made on excluded evidence, an objection to the argument on that basis would have been meritless, and defense counsel was not ineffective in failing to object. *Daniels v. State, supra*.

■ The rebuttal evidence to which movant claims counsel should have objected was testimony by the victim's mother. During rebuttal she was called as a witness to testify that after reviewing her check register, she found a check dated December 23, 1983, which represented payment for water pipes being thawed in the house where the crimes occurred. The significance of this evidence was that it negated testimony by defense witnesses that the pipes in the house were frozen throughout December 1983, thereby impeaching the victim's claim that the December 1983 act of sodomy occurred just after movant had showered. The mother's rebuttal testimony was apparently at odds with testimony she gave at a pretrial deposition in which she said the pipes were frozen until January 2, 1984. The record discloses that defense counsel was made aware of the changed testimony during trial, but the record is silent as to when the prosecutor was informed of the movant's intent to rely on the defense of alibi or when the prosecutor learned of the changed testimony.

Movant claims to have relied on the defense of alibi. He further asserts that under the principles in *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), he was denied due process because he had no opportunity to discover the state's rebuttal witnesses on the issue of alibi. *Wardius* holds that the state may not, consistently with due process, require a defendant to reveal his alibi defense in the absence of the reciprocal right to discover witnesses who will rebut the alibi. Movant overlooks the fact that Missouri has a procedure providing a criminal defendant with discovery rights, Rule 25. This includes the right to discover alibi rebuttal evidence if the defendant has indicated his intent to rely on alibi. *State v. Lutjen*, 661

S.W.2d 845, 849 (Mo.App.1983). Under Rule 25.16, the trial court may impose discretionary sanctions for failure on the part of the state to make timely disclosure. One such sanction is the exclusion of undisclosed evidence.

In this case there is nothing in the record to reflect when the movant informed the state he intended to rely on alibi or when the prosecutor became aware of the change in the testimony of the victim's mother. The movant's disclosure triggers the duty of the state to disclose rebuttal testimony, and there is no evidence that the prosecutor did not communicate that information to defense counsel as soon as he learned that movant intended to rely on the defense of alibi. Movant has failed to demonstrate that the state failed to comply with the disclosure provisions of Rule 25, which if violated may have entitled him to the sanction of exclusion of the rebuttal testimony. Again, counsel is not deemed ineffective for failing to request relief to which movant is not entitled. *Daniels v. State, supra.*

 Movant also asserts that counsel was ineffective for failing to request that the trial court give an alibi instruction (MAI–CR2d 3.20 or 3.22) and an instruction on movant's right to refrain from testifying (MAI–CR2d 3.76). The "alibi" evidence to which movant refers was, in reality, evidence offered to impeach the victim's testimony that the December 1983 act of sodomy occurred immediately after movant had taken a shower. If the fact-finders believed the impeachment evidence, they may have inferred that the victim inaccurately reported other facts, but the evidence was not proof that movant was present at another location at the time of the crime.

Counsel's decision not to request an unrequired jury instruction always involves an element of strategy. Trial strategy may have dictated a decision not to emphasize the rather weak and indirect evidence that movant was not present at the time and place of the crime. *See Starkey v. State,* 612 S.W.2d 861, 862 (Mo.App. 1981). There are also sound strategy rea-

sons for not seeking an instruction on a criminal defendant's failure to testify. An instruction on the subject serves to highlight the defendant's failure to testify. An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel. *Love v. State,* 670 S.W.2d 499, 502 (Mo. banc 1984).

The findings of fact and conclusions of law are not clearly erroneous. Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur