Lonzo STEWART, Appellant,

v.

STATE of Missouri, Respondent.

No. 57316.

Missouri Court of Appeals,
Eastern District,
Division One.

July 17, 1990.

Henry B. Robertson, Michael L. Lyons, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Francon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial after an evidentiary hearing of his Rule 29.15 motion. The conviction sought to be vacated was for second degree murder for which defendant was sentenced to twenty years' imprisonment. We affirm.

Movant's conviction was affirmed on appeal. *State v. Stewart,* 752 S.W.2d 359 (Mo.App.1988). At the original trial, a State's witness testified movant shot the victim once, and after the victim fell, movant fired five more shots into victim's head. Movant's defense was self-defense. Movant's brother, Marvin, testified he was present at the time of the shooting and corroborated movant's self-defense claim. On cross-examination, Marvin was asked whether he had told a police officer he was at a party at the time of the shooting. The police officer was called in rebuttal. He testified he spoke to Marvin alone, and he said he was not present at the shooting but was at a party.

In movant's Rule 29.15 motion he alleged, *inter alia,* that his trial counsel was ineffective because he failed to call his sister, Laura, as a witness. Movant alleged he had informed his attorney that Laura would have testified she was present when Marvin spoke with the police officer, and her testimony would have supported Marvin's version of what transpired. Movant contended Laura's testimony would have helped rehabilitate Marvin's credibility as a defense witness. The motion court denied movant's motion without an evidentiary hearing. On appeal, movant's cause was reversed and remanded with directions to grant an evidentiary hearing to determine what, if any, effect the failure to call movant's sister had on his receiving a fair trial.

An evidentiary hearing was held. Movant's sister and movant's trial counsel testi-

fied. Thereafter, the motion court adopted its initial findings of fact and conclusions of law and set forth the following:

[m]ovant's sole defense was self-defense and exercising his judgment as trial counsel, made a determination that he did not want to bring in additional or collateral issues. One cannot say, nor does this Court find, that this trial strategy decision illustrated that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances.... This court having responded to all the allegations in [movant's] post conviction motion ... finds that [movant] has failed to show ... that he had ineffective assistance of counsel....

Movant contends that the motion court failed to issue findings of fact and conclusions of law in accordance with Rule 29.15(i). Rule 29.15(i) provides "[t]he court shall make findings of fact and conclusions of law on all issues presented." This Rule merely means that generalized findings of fact are adequate if they are sufficient to enable the appellate court to review movant's contentions. *Young v. State,* 761 S.W.2d 725, 726 (Mo.App.1989). The motion court cannot be found to have committed error for failing to make conclusions of law on all issues not presented during the hearing. *Id.* at 726–727[1].

The only issue presented at movant's evidentiary hearing was whether movant's trial counsel was ineffective for failing to call movant's sister as a witness. The motion court adequately addressed this issue. This was all that was required. Point denied.

Movant also challenges the motion court's determination that trial counsel was not ineffective. Our review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 29.15(j).

At the evidentiary hearing, movant's trial counsel testified he had talked to movant's sister three times before trial and

knew the facts to which movant's sister would testify. He told movant's sister to come to trial. On the day of trial, when she arrived, trial counsel told her he would not need her.

Movant's trial counsel testified he did not call Laura as a matter of trial strategy. He was well aware of what her testimony would be. Laura was not a good witness and had a criminal record. Laura had been convicted of stealing under one hundred fifty dollars. This would have been admissible on the issue of her credibility. There is little question but that movant had effective assistance of counsel. His lawyer knew the facts Laura would testify to and made a conscious and responsible decision her testimony would not help movant. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987); *Young,* 761 S.W.2d at 728[6]. In retrospect, the evidence at the 29.15 evidentiary hearing bespeaks the wisdom of the dissent in the decision of this court relating to the first Rule 29.15 judgment. *See Stewart v. State,* 771 S.W.2d 886, 888–91 (Mo.App.1989). This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.