STATE of Missouri, Respondent,

v.

Tommie L. JOHNSON, Appellant.

Tommie L. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 54174, 57748.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 30, 1990.

**754**

Melinda K. Pendergraph, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions of kidnapping and rape and the consecutive five and seven year sentences arising therefrom. He also appeals from the denial, following evidentiary hearing, of his post-conviction Rule 29.15 motion. We affirm.

No dispute exists that defendant, a 29 year old married man, had sexual intercourse with the sixteen year old victim. The victim testified that the defendant accosted her on the street late at night, physically forced her into his automobile, drove her to another location, and forcibly sexually assaulted her. Defendant testified that the victim, previously unknown to him, willingly entered his vehicle, that they talked amicably for some time about her arguments with her boyfriend and her mother, that she initiated intimacies, and that they engaged in consensual intercourse. Defendant denied that he had told police that he did not have intercourse with the victim and testified that he did tell the interviewing officer that he and the victim had had intercourse. On rebuttal the interviewing officer testified that defendant had denied having intercourse with the victim.

Defendant raises on his direct appeal only one issue—the closing argument of the prosecutor. A great deal of the closing argument was directed at an attack on the credibility of the defendant, and in particular the inconsistency between his story to the police of no intercourse and his testimony at trial of a consensual relationship with the victim. In the course of the argument the following occurred:

"He talked about Det. Allen. What did Tommie Johnson tell Det. Allen when he was arrested? He denied having sex with Mary Ann. Denied having sex.

"He changed his story today, didn't he? Why? I don't mean to cast any stones at Mr. Rathbone [defendant's counsel], Mr. Rathbone is a good lawyer and did a good job, but when he sat down and saw the evidence that we have, the defendant's I.D., his car, his license plate, brother, you better change your

story. You better say sex and you better say consent.

"He told the police he didn't have sex with her. Now he changes his story. What is it? Is that believable? He's inconsistent. The night after it happened, oh, no, I didn't have sex with the girl. I just gave her a ride, gave her a place to sleep. But today, when he sees the evidence, when I present the case, well we did have sex, but she consented. He can't have it both ways, folks. Mr. Johnson cannot have it both ways."

No objection was made to the argument at trial and no reference is made to it in the motion for new trial. Defendant premises plain reversible error on the trial court's failure, sua sponte, to admonish the prosecutor for "an unfounded accusation that defense counsel had suborned perjury or fabricated the defense."

The argument was clearly improper. At a minimum it infers that defense counsel had fabricated the defense of consent. Such arguments are improper. *State v. Moomey,* 581 S.W.2d 899 (Mo.App.1979) [6–8]; *State v. Harris,* 662 S.W.2d 276 (Mo.App.1983) [2]; *State v. Hornbeck,* 702 S.W.2d 90 (Mo.App.1985) [3]; *State v. Burnfin,* 771 S.W.2d 908 (Mo.App.1989) [9].

■ Our review is limited to plain error requiring us to find a manifest injustice or miscarriage of justice in order to reverse the conviction. A court should rarely grant relief on assertions of plain error as to closing argument. This is because, in the absence of objection and request for relief, a trial court's options are narrowed to uninvited interference with the argument and a corresponding increase of error by such interference. *State v. Clemmons,* 753 S.W.2d 901 (Mo. banc 1988) [6, 7]. We are unable to conclude that the argument here created either a manifest injustice or a miscarriage of justice. The argument concerning the change of stories to the extent it was directed to defendant was a permissible argument based on the evidence at trial. The great bulk of the argument preceding and following the reference to counsel dealt with the credibility of the defen-

dant and the unbelievability of his testimony. The reference to counsel was brief, and was not repeated nor emphasized. No objection was made so the remark was not coupled with a ruling of the court which conveyed the idea of improper conduct as was true in *State v. Hornbeck, supra,* and *State v. Burnfin, supra.* Nor does the record demonstrate any other conduct denying defendant a fair trial as was true in *State v. Harris, supra.* We are unable to conclude that this brief remark concerning counsel when balanced against the extensive and proper argument directed to defendant's inconsistent positions had a prejudicial effect on the result reached by the jury.

■ Defendant challenges the order on the Rule 29.15 motion on the basis that the court failed to enter specific findings of fact and conclusions of law on certain issues. The issues to which this challenge is directed were those raised in defendant's original *pro se* motion. No substantive evidence was adduced at the evidentiary hearing regarding those issues. The requirement of specific findings of fact and conclusions of law is subject to an exception where no substantive evidence is presented at the hearing to support allegations in the motion. *Young v. State,* 761 S.W.2d 725 (Mo.App.1988) [1]; *W.F.W. v. State,* 779 S.W.2d 724 (Mo.App.1989) [1–3]. The findings of fact and conclusions of law adequately addressed the issues on which substantive evidence was adduced. We find no error in the trial court's handling of the Rule 29.15 motion.

Judgment affirmed. Order denying relief pursuant to Rule 29.15 affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.