**Daryl BURTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59265.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1991.

Curtis C. Crawford, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion (repealed January 1, 1988). Movant sought to vacate his convictions for capital murder, § 565.001, RSMo 1978 (repealed October 1, 1984), and armed criminal action, § 571.015, RSMo 1978, for which Movant was sentenced to consecutive terms of life imprisonment without possibility of parole for fifty years and twenty-five years' imprisonment respectively. We affirm.

Movant's convictions were affirmed on direct appeal. *State v. Burton*, 710 S.W.2d 306 (Mo.App.1986). On May 29, 1990, an evidentiary hearing was held on the Rule 27.26 motion. On September 17, 1990, the motion court issued findings of fact, conclusions of law, and an order denying Movant relief.

In his first point Movant alleges his lawyer was ineffective for not interviewing four potential witnesses: Elijah Horne, Jennifer Shaw, Darryl Miller and Kenneth Bonner. Our review is governed by *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1990). None of these witnesses testified at the evidentiary hearing. Movant has therefore failed to meet his burden of proof. *See State v. White*, 782 S.W.2d 461, 465[9] (Mo.App.1990).

Further there is no evidence that Movant's lawyer was aware of the existence of any of these witnesses except Elijah Horne. The motion court found that Movant had presented no evidence that his attorney was aware prior to trial that Horne possessed any useful information. Counsel cannot be held ineffective for fail-

**930**

ing to call witnesses about whom he or she has had little or no notice. *Id.* at [8]. The other three above-named witnesses were not mentioned as potential witnesses until the instant appeal. Accordingly, this court cannot consider the issue. *Moton v. State,* 772 S.W.2d 689, 692[5] (Mo.App.1989).

Additionally, there are no page citations in the argument portion of Movant's brief relating to this point. Movant does make reference to affidavits attached to the brief, but evidentiary deficiencies cannot be remedied by exhibits or appendices unilaterally attached to Movant's brief. *State v. Wolford,* 754 S.W.2d 875, 880[8, 9] (Mo.App.1980). Point denied.

In his second point, Movant claims prejudice in that his lawyer did not object to and preserve for appeal the "identification testimony" of Nina Whitfield. He claims that had his lawyer preserved the issue, this appellate court which decided Movant's direct appeal could have assessed Ms. Whitfield's "identification" in light of *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). This issue was raised for the first time on appeal. Again, an issue not raised in a post-conviction motion and not presented to the motion court for determination cannot be considered for the first time on appeal. *Moton,* 772 S.W.2d at 692[5].

In his third point, Movant asserts "the court erred in overruling appellant's motion to vacate sentence by concluding that failure to object cannot be ineffective assistance of counsel." The trial court did not so conclude. It stated the standard is quite stringent. It correctly stated that as a general rule the failure to object to certain evidence does not rise to the level of ineffective assistance of counsel unless movant has suffered a substantial deprivation of the right to a fair trial. *Williams v. State,* 783 S.W.2d 457, 458[2, 3] (Mo.App. 1990). Point denied.

In his fourth point relied on, Movant asserts his post-conviction attorney was "ineffective" for not presenting certain witnesses at the Rule 27.26 evidentiary hearing. Our Supreme Court has expressly and repeatedly held that "a post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding, but is limited to the validity of movant's conviction and sentence." *Sloan v. State,* 779 S.W.2d 580, 583[6] (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). Point denied.

Finally, Movant claims the motion court erred in not issuing findings on the claims contained in his "supplemental motion," thus violating Rule 27.26(i). Defendant's allegation in the supplemental motion was that his lawyer was ineffective for not preserving on appeal the issue of whether Defendant deliberated. Defendant's claim is at odds with the record. In paragraph 20 of its extensive findings, the motion court stated:

> The court has reviewed *ex gratia* the allegations of the unverified amended motion and supplement and finds that they do not entitle movant to relief.

The trial court's generalized finding would be sufficient to permit appellate review. *See Stewart v. State,* 792 S.W.2d 695, 696[1–3] (Mo.App.1990). However, we need not review Movant's contention. It is not error for a motion court to not make a finding on an issue on which no substantial evidence was presented at the motion hearing. *State v. Johnson,* 804 S.W.2d 753, 755[5, 6] (Mo.App.1990). Movant presented no evidence on this issue at the motion hearing. Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.